ZAKRZEWSKI v. AMERICAN BOX BOARD CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CANCELING INSURANCE—NOTICE.

   Provision of workmen's compensation act (2 Comp. Laws 1929, § 8460) that insurance company carrying risk for employer must file notice of termination or cancellation with department of labor and industry at least ten days before taking effect is not applicable where employer actually changes carrier of risk, so notifies department, and new carrier files its certificate of coverage.

2. SAME—INSURANCE—AUTHORITY TO CARRY EMPLOYER'S RISK.

   Authority of insurance company to carry risk for employer is determined by commissioner of insurance.

3. SAME—CANCELLATION OF INSURANCE—REINSURANCE—NOTICE TO DEPARTMENT.

   Where employer canceled its insurance policy, so notified department, and procured new policy with another company, which filed certificate of coverage with department 11 days before effective date, it is liable for accidental death occurring after effective date, although former insurer did not file notice of cancellation until after accident occurred, since, under circumstances, filing of said notice is not required.

Appeal from Department of Labor and Industry. Submitted October 7, 1931. (Docket No. 39, Calendar No. 35,741.) Decided December 8, 1931.

Mary Zakrzewski presented her claim against American Box Board Company, employer, and Metals Mutual Insurance Company and Michigan Mutual Liability Company, insurers, for compensation for the death of her husband, Frank Zakrzewski, while in defendant's employ. Compensation awarded. Defendants employer and Metals Mutual Insurance Company appeal. Affirmed.

*Francis D. Campau,* for appellants.

*L. J. Carey,* for defendant Michigan Mutual Liability Company.

WIEST, J.    On October 3, 1930, the American Box Board Company, an employer operating under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*), canceled, to be effective October 15, 1930, its insurance policy with the Michigan Mutual Liability Company, which had been for some time carrying its risk, so notified the department of labor and industry, and procured a policy in the Metals Mutual Insurance Company, to be effective October 15, 1930, and paid the premium.    The Metals Mutual Insurance Company issued its policy and filed its certificate of coverage with the department October 4, 1930.    The employer advised the department to such effect October 6, 1930.    The secretary of the department sent identical letters to the employer and both insurance companies to the effect that the certificate of the Metals Mutual Insurance Company could not be approved until a notice of termination or cancellation was filed by the Michigan Mutual Liability Company.    November 1, 1930, such notice was given the department by the Michigan Mutual Liability Company, effective as of October 15, 1930.    A death loss occurred on October 17, 1930, and the question is which insurance company should pay the loss.    The Metals Mutual Insurance Company was held liable by the department and prosecutes this review.

The contest arises out of the mistaken view of the secretary of the department, as expressed in his letter.    The statute, 2 Comp. Laws 1929, § 8460, provides that the insurance company carrying the risk

must file a notice of termination or cancellation with the department at least 10 days before taking effect. This is for the protection of employees and to enable the employer to obtain other insurance, but is wholly unnecessary when the employer actually changes the carrier of the risk, so notifies the department, and the new carrier files its certificate of coverage. The authority of the insurance company to assume such coverage is determined by the commissioner of insurance.

The point of law presented, under the facts found by the department, is ruled by *Gratopp* v. *Carde Stamping & Tool Co.*, 216 Mich. 355, and not by *Koopmans* v. *Parsons*, 250 Mich. 464.

The holding of the department is affirmed, with costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.