## MEYERS *v.* IRON COUNTY.

1. WORKMEN'S COMPENSATION—REVIEW OF DEPUTY'S AWARD—TIME FOR APPEAL—EXTENSION—DISCRETION OF DEPARTMENT—SHOWING. While a writ of mandamus will not issue to compel the department of labor and industry to file a claim for review of deputy commissioner's award mailed within 10 days allowed for filing claim for review as a matter of right and received by the department on a later day, it is permissible for the department to extend the time in which to file a claim of appeal where sufficient cause has been shown, and such showing must be such as to present some legal basis recognized as authorizing the exercise of a judicial, or quasi-judicial, function or judgment, but in the absence of such showing the department has no arbitrary power and the statutory limit of 10 days would be conclusive (2 Comp. Laws 1929, § 8447).

2. SAME—EXTENSION OF TIME TO REVIEW DEPUTY'S AWARD—SHOW-
ING.

Showing that defendants received copy of award made by deputy
commissioner on third day after it was filed, that insurer's
secretary had illness in his family, that application for review
of such award was mailed on eighth day after it had been
filed with department, that it was received at Lansing post-
office late the next day and delivery attempted after depart-
ment was closed, that tenth day fell on Saturday on which,
along with Sundays and holidays, department had instructed
postmaster not to attempt delivery of mail, and that it was
finally delivered on following Tuesday after an intervening
Sunday and holiday, *held*, sufficient showing upon which de-
partment might grant application for extension of time within
which to make application for appeal (2 Comp. Laws 1929,
§ 8447).

3. SAME—LUMP SUM SETTLEMENT—APPROVAL.

After plaintiff, a mason and bricklayer, had been awarded com-
pensation for injury to foot and back and paid total disability
therefor for approximately six months, defendant filed petition
to stop or reduce compensation, thereafter the parties signed
a stipulation estimating plaintiff's permanent partial disabil-
ity at 9-2/3 per cent. and agreeing to accept that percentage
of compensation in a lump sum ''in full settlement of any and
all claims that the plaintiff may have against the defendants
because of the said injury,'' and simultaneously made an
agreement regarding compensation in which it was provided
that compensation be paid as for such percentage of dis-
ability and petitioned department for payment of lump sum
based on such percentage, order directing payment of a lump
sum ''as prayed for in the said petition and stipulation on
file'' constituted an approval of the stipulation and agreement
and upon payment of the amount therein ordered, defendants
redeemed all their liability for injuries received by plaintiff
(2 Comp. Laws 1929, § 8438).

4. SAME—LUMP SUM SETTLEMENT—REVIEW OF PAYMENTS—FURTHER
COMPENSATION—REDEMPTION OF LIABILITY.

After lump sum settlement for permanent partial disability had
been approved by department and compliance therewith by
employer and insurer, review of payments under claim of con-
tinued liability would be barred, hence petition for further
compensation because of lessened earning capacity was properly
denied since there had been a redemption of liability (2 Comp.
Laws 1929, § 8438).

Appeal from the Department of Labor and Industry. Submitted January 21, 1941. (Docket No. 89, Calendar No. 41,423.) Decided May 21, 1941.

Petition of August Meyers against Iron County, employer, and United States Fidelity & Guaranty Company, insurer, for further compensation. Petition denied. Plaintiff appeals. Affirmed.

*Ray Derham*, for plaintiff.

*Denis McGinn* (*N. C. Spencer* and *James R. Fitzharris*, of counsel), for defendants.

CHANDLER, J. Plaintiff appeals from an order of the department of labor and industry denying further compensation. In 1933, plaintiff, while employed by defendant Iron county, suffered a compensable injury described in the report as sprained ankle and wrenched back. An agreement for payment of compensation, describing the injury as "injured right ankle," was entered into between plaintiff and defendant United States Fidelity & Guaranty Company, filed with and approved by the department. About five months later the defendant insurer filed a petition to stop or reduce compensation which was contested by plaintiff. A stipulation was entered into, reciting in substance that while plaintiff was in the employ of Iron county he suffered an accident resulting in a fracture of certain bones of the right foot and an injury to the back, and agreeing that $1.74 per week compensation be paid for permanent partial disability for the balance of the 500-week period.

In July, 1939, plaintiff filed a petition for review of payments, representing that since the foregoing proceedings were had the condition of plaintiff's

back had grown worse so as to lessen his earning capacity, and asking the department to set a hearing thereon and grant the petitioner further compensation. Defendants answered, denying liability; the matter was heard by a deputy commissioner, who found (1) that plaintiff's condition became worse on September 1, 1934, (2) that the lump sum settlement was not to be construed as a redemption, and (3) allowed further compensation for total disability. This award was received and filed by the department on *December 20,* 1939. On Thursday, *December 28th,* defendants' attorneys placed in the mail at Escanaba, special delivery, an application for review of the deputy's findings and award. This was received at the Lansing postoffice late on Friday, *December 29th,* and delivery attempted after the department was closed. The 10-day statutory period, within which appeal might be filed as of right, expired *December 30th.* The department had instructed the postmaster not to attempt delivery of special delivery mail on Saturdays, Sundays, or holidays. December 30th being Saturday, December 31st falling on Sunday, and Monday, January 1st, being a legal holiday, the claim of appeal was filed with the department Tuesday, January 2d. The defendants, being so advised, filed an application for an extension of time setting up that the award of the deputy was received by defendants' attorneys December 23d, that their secretary had been called home because of serious illness, that on December 28th the claim for review was mailed, and the other facts hereinbefore recited as the reason for the application. The extension was contested by plaintiff. The department entered an order finding that sufficient cause had been shown to warrant an extension of time, and granted the extension.

Two questions are raised for our consideration:

1.   Plaintiff claims that the department erred in granting the extension of time in which to file the claim of appeal from the deputy's award.

2 Comp. Laws 1929, § 8447 (Stat. Ann. § 17.182), provides:

"Unless a claim for a review is filed by either party within ten days, the decision shall stand as the decision of the industrial accident board:*  *Provided,* That said industrial accident board may, for· sufficient cause shown, grant further time in which to claim such review."

Plaintiff relies upon *Sovey* v. *Ford Motor Co.,* 279 Mich. 313, to sustain his position. In that case, the 10-day period expired on Sunday, February 23d. Defendant filed an appeal by telegram to the department on Monday, the 24th, and filed a formal appeal February 26th. We held that the statutory period was not extended because the last day fell on Sunday; that the legislature had prescribed the time for appeal, which was controlling; and that the department had no jurisdiction to change a statute or enlarge it by rule. The situation there was different from that in the case at bar. No application for an extension of time was made, and no showing made as to a sufficient cause for extension of time. The department, without any application or showing, assumed jurisdiction of the appeal after the 10 days had expired. The proviso in section 8447 above referred to authorizes the department "for sufficient cause shown" to grant further time.

It is true that a writ of mandamus will not be issued to compel the department to file a claim for re-

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished.   See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—RE-PORTER.

view mailed within 10 days and received on the twelfth day. *Detroit United Railway* v. *Department of Labor & Industry*, 231 Mich. 539. However, in that case, no application for further time was made, and no cause shown. .

Under a legal showing that the delay was without fault imputable to the party claiming review, or his attorney, and excused by circumstances beyond his control, it is permissible for the department to extend the time in which to file the claim of appeal under the proviso in section 8447. However, in the absence of such showing, the department has no arbitrary power and the statutory limit is conclusive. The showing must be such as to present some legal basis recognized as authorizing the exercise of a judicial, or quasi-judicial, function or judgment. Inability of the litigant to furnish the money which counsel advises is necessary for an appeal is not recognized as a legal excuse. We have held that lack of funds to cover the expenses of the record and other expenses is not "sufficient cause shown" for the delay, because a bare statement in writing of the party's claim for review, which could be written in two or three lines, would, if filed with the department within the time limit, preserve the right of review. *Kalucki* v. *American Car & Foundry Co.*, 200 Mich. 604. However, the department may grant an extension of time upon a meritorious application which shows, in the judgment of the department, sufficient cause for further delay.

"Extension of time on application and showing is plainly made by statute a matter of discretion with the board, which this court may not interfere with unless a palpable abuse of such discretion becomes manifest. So considered, we cannot affirmatively find on the showing made in this case that the refusal of the accident board to act affirmatively

under the proviso should be disturbed.'' *Brunette*
v. *Quincy Mining Co.,* 197 Mich. 301, 307 (16 N. C. C.
A. 743).

(In the above case, we denied certiorari to over-
rule the discretion of the department in refusing to
grant an extension.)

In *Hosner* v. *Village of Romeo,* 229 Mich. 654, the
claim was made that no sufficient cause was shown
for an extension. Plaintiff had instructed counsel
to file a claim for review and relied upon counsel to
do so. This court there held:

"The affidavit of Mr. Weeks, in support of the
petition, shows that he had charge of the matter,
and was instructed by plaintiff to claim a review in
case the decision was adverse. He further shows
that on the 15th of the month he was engaged in
important litigation in the circuit court, which con-
tinued until about the 20th. That the notice of the
result of the arbitration came to his office, but was
mislaid, and was not called to his attention until
the 20th. That immediately thereafter he prepared
the claim for appeal and filed it. No bad faith was
shown or claimed upon the part of counsel. We
think the showing was sufficient to move the discre-
tion of the board, and we cannot say that the discre-
tion was abused. *Merriman* v. *Jackson Circuit
Judge,* 96 Mich. 603; *Capwell* v. *Baxter,* 58 Mich.
571.''

While it is true in the case at bar that plaintiff's
counsel might well have protected their client's in-
terests by earlier attention to mailing the claim of
review, the department's instructions to the post-
master not to deliver special delivery mail on Satur-
day resulted in the claim not being filed on the tenth
day of the statutory period. Further delay was
caused by the intervention of Sunday, and Monday
being a holiday. We find no abuse of discretion in

the order of the department granting the application for the extension of time to January 2d for the cause shown.

2. Did the order of the department of labor and industry, dated May 31, 1934, entitled ''Order of the department on lump sum petition'' constitute a redemption of liability? The department held that it did.

· In so holding, the department reversed the award of the deputy and held that plaintiff was not entitled to further compensation.

The record here discloses that on April 12, 1934, the following ''stipulation of facts'' was entered into by the parties:

''It is hereby stipulated and agreed by and between the above respective parties;

''That while plaintiff was in the employ of the defendant Iron county, Michigan, he suffered an accident on or about the 4th day of August, A.D. 1933, resulting in a fracture of the anterior lip of the tibia and a fracture of the oscalcis of the right foot and an injury to the back;

''That these injuries were repaired and that he was paid total disability from August 4, 1933, to February 1, 1934, inclusive, in accordance with an agreement between the parties;

''That on the 9th day of April, A.D. 1934, plaintiff had an examination at Crystal Falls, Michigan, by Dr. Harold Q. Groos, of Escanaba, Michigan, who stated that at the present time the plaintiff had a 10 per cent. functional loss of the use of the right ankle, which has been improved greatly and should improve very fast, and that there were no objective findings, as shown by the X-rays of plaintiff's right ankle and back, and who estimated permanent partial disability of 9⅔ per cent. as a mason and bricklayer, the work he was doing when injured.

"In view of the foregoing statements, the parties hereto mutually agree that compensation shall be paid from and after February 1, 1934, for a permanent partial disability of 9⅔ per cent. in the amount of $1.74 per week for the balance of the 500-week period.

"It is understood that this amount will be in full settlement of any and all claims that the plaintiff may have against the defendants because of the said injury.

"It is understood and agreed that this stipulation shall be subject to the approval of the department of labor and industry, Lansing, Michigan.

"Dated at Crystal Falls, Michigan, this 12th day of April, A.D. 1934."

On the same date an agreement between the parties "regarding compensation" was entered into, the material portions thereof being as follows:

"We, August Meyers, whose exact post office address is Crystal Falls, Michigan, and Iron County and United States Fidelity & Guaranty Company have reached an agreement under the provisions of the Michigan workmen's compensation act, in regard to compensation for the injury sustained by employee, August Meyers, in the county of Iron, State of Michigan, while in the employ of Iron county, Michigan,

"1.   Date of Accident—Aug. 4, 1933.
"2.   Hour of accident—
"3.   Age of employee—32
"4.   Cause of Accident—Fell from scaffold while descending chimney and fell from rope.
"5.   Important. Describe fully the injuries resulting from the accident—Fracture of the anterior lip of the tibia and a fracture of the oscalcis of the right foot and an injury to the back.

"The terms of the agreement follow:

"The employee's average weekly wage being $18,* it is agreed, that compensation be paid at the rate of $1.74 per week, during partial disability (of 474 weeks)."

This agreement was filed with the department on April 23, 1934, and approved by it on May 29, 1934.

On April 23, 1934, a petition by plaintiff for "lump sum settlement" was filed by plaintiff with the department, which petition was as follows:

"Your petitioner shows unto your honorable court that he entered into a stipulation of facts with the defendants in this case to accept compensation in the amount of $1.74 per week for the balance of the 500-week period, and that he would have coming from the defendants for compensation from February 1, 1934, until the end of the 500-week period the sum of $824.76.

"Your petitioner further shows that he suffered a fracture of the anterior lip of the tibia and a fracture of the oscalcis of the right foot and an injury to the back; that his foot and back have improved rapidly and are practically normal at the present time.

"Your petitioner further shows that he is living at Crystal Falls, Michigan, and that he would like to have sufficient money to erect a home on some property that he owns in Crystal Falls.

"Your petitioner further shows that if he could receive this $824.76 in a lump sum at this time it would be possible for him to erect this home on his property where he could live with and support himself and his family.

---

* According to the first agreement with the injured employee regarding compensation under which he was paid $18 a week as compensation, his "average weekly wage" was $40.50.—REPORTER.

"Your petitioner requests that the defendants pay the compensation that plaintiff is entitled to receive in a lump sum in lieu of weekly payments.

AUGUST MEYERS,
Plaintiff.

"We have talked this matter over with Mr. August Meyers and it is agreeable with us that this $824.76 be paid in a lump sum.

DENIS McGINN,
Attorney for Defendants."

After the filing with the department of the foregoing "stipulation of facts," "agreement regarding compensation" and "petition for lump sum settlement," the department of labor and industry made and entered the following order:

"The petition of plaintiff in this case, praying for the payment of compensation which he is entitled to receive herein in a lump sum in lieu of weekly payments, having come before the department, after due investigation and consideration of said petition and inquiry into the facts and circumstances of the case, it appearing to the department that said petition should be granted;

"It is ordered that the said defendants should be and are hereby authorized and directed to pay the balance of the compensation due herein in a lump sum of $800 in accordance with section 22 of part 2 of the workmen's compensation law and as prayed for in the said petition and stipulation on file in this cause; said money to be used by the plaintiff to build a home place for himself and family on 40 acres of land he owns near Iron Mountain, Michigan, as he has been advised by his surgeon that farm work will assist in his physical rehabilitation.

"Dated and entered at Lansing, Michigan, this 31st day of May, A.D. 1934."

A reading of this order shows to a certainty that the department of labor and industry had before it for consideration the "stipulation of facts," the "agreement regarding compensation" and is clearly an approval of such stipulation and agreement, and, in no uncertain terms, authorizes and directs the payment of a lump sum in accordance with the provisions of 2 Comp. Laws 1929, § 8438,* and said order, having been fully complied with by defendants, as effectually constitutes a redemption of liability as though the words "redemption of liability" had been inserted in the above-quoted "stipulation of facts," "agreement regarding compensation" and order, and bars review of payments under claim of continued liability.

We approve of the holding of the department under date of September 25, 1940, "That [the] stipulation is unambiguous and can have but one meaning, namely, that the parties had agreed that on the payment of $824.76 all liability of the defendants for injuries received by the plaintiff in the accident of August 3, 1933, would be redeemed."

Award affirmed, with costs to appellees.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.

---

* Amended by Act No. 148, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 8438, Stat. Ann. § 17.172).—REPORTER.