ZIELKE v. A. J. MARSHALL CO.

1. WORKMEN'S COMPENSATION—INSURANCE—REPORT OF ACCIDENT.

The fact that a carrier of workmen's compensation insurance is named on the report of an accident is not conclusive of that particular carrier's liability for such accident (2 Comp. Laws 1929, § 8460).

2. SAME—INSURANCE—NOTICE OF TERMINATION.

A policy of workmen's compensation insurance remains effective so far as the insured's employees are concerned for a period of 10 days after notice of termination or cancellation is received by the department of labor and industry (2 Comp. Laws 1929, § 8460).

3. SAME—INSURANCE—NOTICE OF TERMINATION—RENEWAL.

A carrier of workmen's compensation insurance may file its notice of termination 10 days before the end of the term of its policy and, in the event of a renewal, file a new acceptance thereby enabling both the injured employee and defendants to determine from the records of the department who the insurer is on the day of the accident (2 Comp. Laws 1929, § 8460).

4. SAME—INSURANCE—NOTICE OF TERMINATION—NOTICE OF COVERAGE BY SUCCESSOR.

Carrier of workmen's compensation insurance whose policy expired on September 27th on which date it filed a notice of termination with the department of labor and industry was liable for compensation payable for death of employee who died on October 9th from injuries received September 30th, notwithstanding successor insurer filed certificate of coverage on October 3d that it had issued its policy of insurance effective September 27th and record shows it had received premium from and after that date (2 Comp. Laws 1929, § 8460).

5. SAME—CLAIM FOR REVIEW—EXTENSION OF TIME—DISCRETION OF DEPARTMENT.

Since the workmen's compensation act is to be liberally construed and the department of labor and industry is given considerable

latitude in determining the sufficiency of a reason for not promptly filing claim for review of deputy commissioner's award, its acceptance of claim filed 34 days after award was made and eight days after transcript was filed was not an abuse of discretion under showing made (2 Comp. Laws 1929, § 8447).

6. COSTS—PUBLIC QUESTION—WORKMEN'S COMPENSATION—INSURANCE—CONSTRUCTION OF STATUTES.

No costs are allowed on appeal in proceeding to recover workmen's compensation where controversy between insurance carriers involves the construction of a statute, a public question being involved (2 Comp. Laws 1929, § 8460).

Appeal from Department of Labor and Industry. Submitted June 10, 1943. (Docket No. 51, Calendar No. 42,267.) Decided October 11, 1943.

La Vern Zielke presented his claim for compensation against A. J. Marshall Company, employer, and General Accident Assurance Corporation and Lumbermen's Mutual Casualty Company, insurers. Award to plaintiff against employer and General Accident Assurance Corporation. General Accident Assurance Corporation appeals. Affirmed.

*Kerr, Lacey & Scroggie,* for defendant General Accident Assurance Corporation.

*Alexander, McCaslin, Cholette & Buchanan,* and *S. Gerard Conklin,* for defendant Lumbermen's Mutual Casualty Co.

BUTZEL, J. Plaintiff's decedent met his death by accident while in the employ of A. J. Marshall Company, and plaintiff was awarded compensation. The sole question in the case is whether the General Accident Assurance Corporation, appellant, or the Lumbermen's Mutual Casualty Company, appellee, should be held liable. In this opinion we shall refer

to the former as General Accident and the latter as Lumbermen's Mutual. In a report of the accident on October 7, 1940, A. J. Marshall Company named the Lumbermen's Mutual as its insurer on the date of the accident. This, of course, is not conclusive. The A. J. Marshall company took out a policy with the General Accident on September 27, 1939, evidently for the term of one year expiring on September 27, 1940. It paid a premium to the General Accident for the year and for no longer. On September 27, 1940, the expiration of the year, the General Accident filed with the department a notice of termination of the policy. Under 2 Comp. Laws 1929, § 8460, subd. 4f (Stat. Ann. § 17.195), a policy remains effective, as far as employees of the insured covered thereby are concerned, until 10 days after such notice of termination or cancellation is received by the department. Therefore the General Accident would at least remain liable to an injured employee until October 7, 1940, if there was no other insurer on the risk for that period. On September 27, 1940, the Lumbermen's Mutual issued its policy effective as of that date and received a premium from that time on. It did not file a certificate of coverage with the department of labor and industry until October 3, 1940. The department did receive on October 3, 1940, the acceptance and form of certification by the Lumbermen's Mutual that it had issued its policy of insurance effective September 27, 1940, through its agency in Detroit, Michigan, to the A. J. Marshall Company. The Lumbermen's Mutual received the premium for the period from and after September 27, 1940.

Plaintiff's decedent sustained an accidental injury on September 30, 1940, and died October 9, 1940. The deputy commissioner who heard the case exonerated the General Accident from liability and

held the Lumbermen's Mutual. On hearing on review, the department reversed the finding of the deputy and held that notwithstanding our ruling in *Gratopp* v. *Carde Stamping & Tool Company*, 216 Mich. 355, it was bound by *Phillips* v. *County of Iron*, 273 Mich. 157, and that the liability was determined by the records as of the day of the accident, and inasmuch as the General Accident was liable during the 10 days immediately following its notice of termination and no acceptance of the Lumbermen's Mutual had been filed, the General Accident was liable on the risk. There is no reason why an insurance company cannot give notice of termination 10 days before the end of the term of its policy and, in the event of a renewal, file a new acceptance. This makes for orderly procedure in accordance with the law, so that an injured employee or the defendants may from the records of the department determine the insurer on the date of the accident. In coming to our conclusion, we have re-examined the case of *Gratopp* v. *Carde Stamping & Tool Company*, *supra*, and *Zakrzewski* v. *American Box Board Co.*, 256 Mich. 26.

We have not overlooked appellant's claim that, although the deputy commissioner made an award on October 15, 1941, no claim of review was filed until November 18, 1941. It is provided in § 8 of part 3 of the workmen's compensation law, 2 Comp. Laws 1929, § 8447 (Stat. Ann. § 17.182), that claim of review must be filed by either party within 10 days of the hearing of the decision but that the department may for sufficient cause shown grant further time in which to claim such review. Lumbermen's Mutual ascribed the reason for failure to file its claim for review within the 10 days to "an error in dictation." Considerable latitude is given the department in determining the suffi-

ciency of a reason for not promptly filing claim for review. We do not believe that there was such an abuse of discretion by the department in granting the order extending the time so that we should set it aside. The compensation act should be liberally construed. *Sedlow* v. *Peoples Wayne County Bank,* 274 Mich. 325. The calendar entries show that the transcript of testimony was filed on November 10, 1941. The attorneys for Lumbermen's Mutual claim in their brief that the transcript of the testimony taken before the deputy commissioner was ordered within the 10-day period. This was not shown by affidavit, but the fact that the transcript was filed on November 10, 1941, would lead to the inference that it must have been ordered some time before that.

The award is affirmed, but without costs as a public question, the construction of a statute, is involved.

Boyles, C. J., and Chandler, North, Starr, Wiest, Bushnell, and Sharpe, JJ., concurred.