YEAGER v BOOBY TRAP LOUNGE

Docket No. 99136. Submitted May 18, 1988, at Detroit. Decided June 23, 1988. Leave to appeal denied, 431 Mich 884.

April Aurora Yeager filed with the Bureau of Workers' Disability Compensation a petition seeking compensation benefits for an injury sustained on October 8, 1984, while employed by the Booby Trap Lounge. On December 3, 1985, Transit Casualty Insurance Company, the lounge's workers' compensation insurer on the date of Yeager's injury, became insolvent and a receiver was appointed for it by a court in the State of Missouri. Following a December 16, 1985, hearing, a referee of the workers' compensation bureau determined that Yeager had suffered a work-related injury and that she was entitled to compensation benefits. Michigan Property Casualty Insurance Company, acting on behalf of Transit Casualty pursuant to the Property and Casualty Guaranty Association Act, filed with the Workers' Compensation Appeal Board an application for a delayed claim of review and motion to set aside the referee's decision, arguing that, pursuant to the provisions of the Insurance Code, a six-month stay of proceedings against Transit Casualty became effective following the appointment of a receiver by the Missouri court. The wcab denied the application and motion. Defendants appealed.

The Court of Appeals *held:*

1. Section 7945 of the Insurance Code, MCL 500.7945; MSA 27.17945, which provides that all proceedings in any court of law to which an insolvent insurer is a party shall be stayed for six months after the date a receiver is appointed, by its own terms does not apply to the Bureau of Workers' Disability Compensation since the bureau is not a court of law.

2. The wcab did not abuse its discretion in denying the application for a delayed claim of review.

Affirmed.

REFERENCES

Am Jur 2d, Insurance §§ 88 *et seq.*

Am Jur 2d, Workmen's Compensation §§ 613 *et seq.*

Validity, construction, and effect of statute establishing compensation for claims not paid because of insurer's insolvency. 30 ALR4th 1110.

1. Workers' Compensation — Insolvency of Insurer — Stay of Proceedings.

    The six-month stay of court proceedings against an insolvent insurer following the appointment of a receiver, as provided under the Insurance Code, does not apply to proceedings in the Bureau of Workers' Disability Compensation relating to a petition for benefits (MCL 500.7945; MSA 27.17945).

2. Workers' Compensation — Workers' Compensation Appeal Board — Delayed Claims of Review — Appeal.

    The grant or denial of an application for a delayed claim of review by the Workers' Compensation Appeal Board is a matter within that board's discretion and will not be reversed on appeal in the absence of an abuse of discretion.

*Levine, Benjamin, Tushman, Bratt, Jerris & Stein, P.C.* (by *Barrie R. Bratt* and *Charles P. Burbach*) for plaintiff.

*Sinn, Day, Felker, Chinitz & Lovernick, P.C.* (by *Richard N. Lovernick*), for defendants.

Before: Hood, P.J., and Cynar and R. B. Burns,* JJ.

Per Curiam. The Workers' Compensation Appeal Board denied defendants' application for a delayed claim of review and motion to set aside the hearing referee's decision. The wcab found that defendants failed to make a timely claim for review. Defendants appeal by leave granted.

Plaintiff filed a petition for hearing with the Bureau of Workers' Disability Compensation on November 9, 1984. Plaintiff alleged a disabling personal injury to her right leg which occurred on October 8, 1984, as a result of a slip and fall while in the course of her employment with the Booby Trap Lounge. The case was assigned to a hearing referee at the Detroit offices of the bureau.

_____

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

On October 8, 1984, Transit Casualty Insurance Company was the workers' compensation insurance carrier for the Booby Trap Lounge. On December 3, 1985, Transit Casualty Insurance Company became insolvent and a receiver was appointed for it. This appeal is being pursued by the Michigan Property Casualty Insurance Company. Under the Property and Casualty Guaranty Association Act, MCL 500.7901 *et seq.*; MSA 24.17901 *et seq.*

On December 1, 1984, John P. Miron, Chief Deputy Director of the bureau, sent an acknowledgment and notice of hearing to the Booby Trap Lounge, Transit Casualty, plaintiff Yeager and her counsel. This document advised the parties that a request for hearing had been filed with the bureau and that a prehearing conference had been scheduled for 9:30 A.M. January 11, 1985, before Referee Peplowski at the bureau address provided.

On October 7, 1985, plaintiff's counsel advised the Booby Trap Lounge by letter of the December 16, 1985, hearing to be held before Referee Peplowski.

In a decision dated February 26, 1986, Referee Peplowski noted:

It should be noted that plaintiff filed her petition for hearing on 11/13/84; on 12/1/84 the Bureau sent defendant employer, Booby-Trap Lounge, and its carrier, Transit Casualty Insurance a notice of hearing advising them of a pretrial hearing to be held at 9:30 A.M. on 1/11/85; on 1/11/85 no one appeared on behalf of the defendants (in fact, no one has ever filed an appearance on behalf of the defendants); on 1/11/85, plaintiff's attorney appeared and a trial date of 10/3/85 was scheduled; on 10/3/85 no one appeared on behalf of defendant, plaintiff was not available and plaintiff's attorney said he would attempt to communicate

with defendant; another trial date of 12/16/85 was selected; on 12/16/85 no one appeared on behalf of defendant and a trial was conducted without defendant being present.

Referee Peplowski found that plaintiff suffered a totally disabling personal injury arising out of and in the course of her employment with the Booby Trap Lounge and was entitled to benefits under the Workers' Disability Compensation Act. This decision was not mailed to the parties until June 23, 1986.

In the meantime, although the WCAB found the record insufficient, it appeared that Transit Casualty became insolvent and an order was entered in the State of Missouri appointing a receiver for Transit Casualty, presumably on December 3, 1985. The WCAB assumed for the sake of argument that finality attached to the Missouri order on December 3, 1985, thus triggering a stay under the provisions of MCL 500.7945; MSA 24.17945. Basically, the statute provides that all proceedings in any court of law in this state in which an insolvent insurer is a party or in which the insurer is obligated to defend or has assumed the defense of a party are to be stayed for six months after the date the receiver is appointed and for any additional time as determined by the court which has jurisdiction over the proceedings to permit a proper defense of all pending causes of action.

The issue in this case is whether the bureau is a "court of law" for purposes of the statute. Thus, if Missouri was a reciprocal state, and it appears to be one, and if the order appointing a receiver was final on December 3, 1985, the six-month stay provision, if it applies to the bureau, was triggered and the proceedings before the referee occurred during the period of the stay. The WCAB deter-

mined that the stay provision was not applicable to it.

MCL 500:7945; MSA 27.17945 states:

> All proceedings in any *court of law* of this state to which the insolvent insurer is a party, or in which the insurer is obligated to defend or has assumed the defense of a party, shall be stayed for six months after the date a receiver is appointed, and for any additional time as determined by the court which has jurisdiction over those proceedings, to permit a proper defense of all pending causes of action. [Emphasis added.]

We believe that the language in MCL 500.7945; MSA 27.17945 is clear and unambiguous in that the Legislature intended that the provision only apply to proceedings in a court of law. We will not speculate as to why the Legislature chose to apply the provisions of § 7945 to only those instances, nor can we make the provisions applicable to administrative proceedings. What the Legislature has chosen to leave out of the act we will not add. The act does not apply to the bureau.

Next, defendants claim that the WCAB erred by denying their motion for delayed leave to appeal. The WCAB found:

> It is obvious that defendant Booby-Trap Lounge has repeatedly and consistently failed throughout these proceedings to follow the statutory authority and rules of the Bureau.
>
> Circumstantially, it appears that Transit Casualty Insurance Company purposely ignored the correspondence from the Bureau. Certainly any type of notice from the company to plaintiff's attorney or the administrative law judge probably would have resulted in some type of accommodations.
>
> The file in this matter includes a letter dated

April 15, 1986, from Chief Deputy Director Jack Miron to plaintiff's attorney, with copies to plaintiff and defendant, advising them that although the trial took place in December, the decision of the [hearing referee] could not be mailed at that time because of the stay. There is also a return receipt from the postal service which shows that the decision was delivered by certified mail and signed for by an agent of Booby-Trap Lounge on June 26, 1986. There is also a handwritten note in the file indicating that a copy of the decision should be mailed to Transit Casualty in care of the Michigan Insurance Bureau.

Counsel for MPCG argues that the claim wasn't made until August 7, 1986. MPCG's application for delayed claim of review was not received until August 26, 1986. Although we are inclined to believe that MPCG was aware of this matter before August 7, 1986, their claim for review was not timely in any case. We find that MPCG has failed to present sufficient cause to justify a grant of delayed review. MCL 418.851; *Ledsma v Detroit Rendering Co,* 1980 WCABO 560. Defendant's motions are denied.

The grant of an extension of time for an application and the determination of whether a showing of sufficient cause has been made are matters of discretion with the board with which this Court will not interfere unless there is a palpable abuse of discretion. *Meyers v Iron Co,* 297 Mich 629, 643; 298 NW 308 (1941).

Defendants did not file a claim for review within thirty days and we find no abuse of discretion by the WCAB.

Affirmed.