BROOKS v ENGINE POWER COMPONENTS, INC

Docket No. 213999. Submitted November 3, 1999, at Lansing. Decided May 9, 2000, at 9:20 A.M.

Sargent A. Brooks filed a claim for benefits in the Bureau of Worker's Disability Compensation against Engine Power Components, Inc., and Hartford Accident & Indemnity. A worker's compensation magistrate denied the claim. The plaintiff's counsel filed a claim for review by the Worker's Compensation Appellate Commission and ordered a hearing transcript from Schultz Reporting. Six weeks later Schultz Reporting informed the plaintiff's counsel that it would not prepare a transcript and referred counsel to Dolman Technologies Group for transcript preparation. The plaintiff's counsel asked Dolman to prepare a transcript. However, no transcript was filed with the appellate commission within sixty days of the filing of the claim of review, as required by MCL 418.861a(5); MSA 17.237(861a)(5), and no extension of the transcript filing deadline was sought, as allowed under subsection 861a(5). The appellate commission dismissed the claim of review and denied a subsequent motion for reconsideration. The plaintiff appealed by leave granted.

The Court of Appeals held:

A decision by the appellate commission to dismiss a plaintiff's appeal for failure to comply with a procedural deadline is reviewed for abuse of discretion. The appellate commission abuses its discretion when it dismisses an appellant's appeal for failing to timely prepare transcripts where, as in this case, the appellant can show that the failure occurred for reasons beyond the control of the appellant's counsel.

Reversed.

WORKER'S COMPENSATION — APPELLATE COMMISSION — TRANSCRIPT FILING DEADLINES.

The Worker's Compensation Appellate Commission abuses its discretion when it dismisses an appellant's appeal for failing to timely prepare a transcript of the proceeding before a worker's compensation magistrate where the appellant can show that the failure occurred for reasons beyond the control of the appellant's counsel (MCL 418.861a[5]; MSA 17.237[861a][5]).

*Williams, Hughes, Corwin & Sininger, LLP* (by *Theodore N. Williams, Jr.*), for the plaintiff.

*Cox, Hodgman & Giarmarco, P.C.* (by *Marsha M. Woods*), for the defendants.

Before: HOLBROOK, JR., P.J., and SMOLENSKI and COLLINS, JJ.

SMOLENSKI, J. The Worker's Compensation Appellate Commission (WCAC) dismissed plaintiff's appeal for failure to file transcripts in a timely manner and subsequently denied plaintiff's motion for reconsideration. Plaintiff appeals by leave granted. We reverse.

The magistrate denied plaintiff's claim for worker's compensation benefits. On April 14, 1998, plaintiff's counsel mailed the claim for review to the WCAC and ordered a hearing transcript from Schultz Reporting. The WCAC received plaintiff's timely filed claim on April 15, 1998. Nearly six weeks later, on May 26, 1998, Schultz Reporting informed plaintiff's counsel that it no longer processed transcripts for Grand Rapids worker's compensation matters, but that Dolman Technologies Group (Dolman) now handled those matters. On or about May 27, 1998, plaintiff mailed the following letter to Dolman requesting the transcripts:

> Dear Sir or Madam:
> This letter follows receipt of a telephone call from Gretchen Schultz of Schultz Reporting on May 26, 1998, that she had just received our Claim for Review filed in this matter on April 14, 1998. She advised that as of September 30, 1997, Schultz Reporting was no longer covering the reporting duties at the Bureau [of] Workers' [sic] Disability Compensation in Muskegon, that she had a new mailing address and our Claim for Review, as well as many others, was not

forwarded to her new address. She further advised me that Dolman Technologies Group had taken over the reporting duties at the Muskegon Bureau.

At this time I am also enclosing a copy of our Claim for Review filed on April 14, 1998, and would ask that you prepare the necessary trial transcript.

If you require any additional information, please do not hesitate to contact me.

On June 29, 1998, the WCAC, after noting that it had not received the transcript due June 15, 1998, or an extension request, dismissed plaintiff's appeal for failure to timely comply with MCL 418.861a(5) and (11); MSA 17.237(861a)(5) and (11). MCL 418.861a(5); MSA 17.237(861a)(5) provides:

A party filing a claim for review under section 859a shall file a copy of the transcript of the hearing within 60 days of filing the claim for review and shall file its brief with the commission and provide any opposing party with a copy of the transcript and its brief not more than 30 days after filing the transcript. For sufficient cause shown, the commission may grant further time in which to file a transcript.

MCL 418.861a(11); MSA 17.237(861a)(11) provides that "[t]he commission or a panel of the commission shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed."

Plaintiff moved for reconsideration on the ground that Schultz Reporting was the last known entity responsible for Grand Rapids worker's compensation trial transcript preparation and that the delay in receiving the transcript was beyond the plaintiff's control, despite plaintiff's diligent efforts to comply with all appellate time constraints pursuant to the

applicable statutes. The WCAC denied plaintiff's motion, explaining in pertinent part:

> While plaintiff's attorney informs us that two weeks before the trial transcript was due he learned he had to order it from a different court reporting service, because he never asked for an extension of time to file the transcript, an act completely within his control, this Commission does not believe that good cause has been shown to grant the motion for reconsideration.

On appeal, plaintiff contends that the WCAC abused its discretion in failing to reinstate his appeal. We agree. We review a WCAC decision to dismiss a plaintiff's appeal for failure to comply with a procedural deadline for an abuse of discretion. See *Pankey v Bigard/Drillers, Inc*, 222 Mich App 15, 19; 564 NW2d 464 (1997) (failure to timely file a claim of appeal); *Laudenslager v Pendell Printing, Inc*, 215 Mich App 167, 170; 544 NW2d 721 (1996) (failure to timely file a brief).

In *Marshall v D J Jacobetti Veterans Facility (After Remand)*, 447 Mich 544, 548-550; 526 NW2d 585 (1994), our Supreme Court found that the WCAC acted within its authority in ending prior "chaotic" practices and giving proper notice that it intended to begin adhering to the statutory deadlines for briefing as set forth in MCL 418.861a(5); MSA 17.237(861a)(5). However, the Court declined to address the problems related to the untimely production of transcripts:

> We are aware that the WCAC has dismissed some appeals for failure to file the transcript timely, and we observe that the WCAC's notice also states that transcript deadlines are to be strictly enforced. While the policy reasons for enforcing a deadline on the filing of transcripts may be at least as strong as those for enforcing a briefing deadline, there are

circumstances in which an attorney cannot prevent the tardy filing of a timely ordered transcript. We express no opinion regarding the proper outcome in such a circumstance. [*Id.* at 550, n 9.]

We can find no published opinion that addresses the "proper outcome" of cases involving the tardy filing of transcripts referred to in *Marshall*. However, after deciding *Marshall*, our Supreme Court has issued orders reinstating appeals that the WCAC had dismissed for failure to comply with the sixty-day transcript filing requirement.[1] For example, in *Horvath v Pegasus Tavern*, 454 Mich 912 (1997), our Supreme Court, citing *Marshall, supra* at 550, n 9, remanded the case to the WCAC for plenary consideration:

> In lieu of granting leave to appeal, the case is remanded to the Worker's Compensation Appellate Commission for plenary consideration. MCR 7.302(F)(1). The WCAC dismissed the defendants' appeal because the transcripts were not filed within sixty days of the filing of the claim for review. Considering all the circumstances, the WCAC abused its discretion by dismissing the appeal. Cf. *Marshall v D J Jacobetti Veterans Facility (After Remand)*, 447 Mich 544, 550, n 9 [526 NW2d 585] (1994). See also *Blazic v Wayne Co*, 454 Mich 885 (1997).

Three other orders, while not citing *Marshall*, contain facts and reasoning similar to those set forth in *Horvath*. In *Wimbush v Noecker Vinyl & Plastics*, 453 Mich 963 (1996), our Supreme Court stated:

---

[1] See, e.g., *Tomblin v MNP Corp*, 456 Mich 871 (1997); *Horvath v Pegasus Tavern*, 454 Mich 912 (1997); *Bright v Voss Steel Corp*, 454 Mich 855 (1997); *Alshubi v Chrysler Corp*, 454 Mich 854 (1997); *Wimbush v Noecker Vinyl & Plastics*, 453 Mich 963 (1996).

> In lieu of granting leave to appeal, the case is remanded to the Worker's Compensation Appellate Commission for plenary consideration. MCR 7.302(F)(1). The WCAC abused its discretion in dismissing this case. Counsel for appellant timely filed a claim for review and timely ordered a transcript. The transcript was not timely prepared, but that was for reasons beyond the control of appellant's counsel.

Then, in *Bright v Voss Steel Corp*, 454 Mich 855 (1997), the Court stated:

> In lieu of granting leave to appeal, the case is remanded to the Worker's Compensation Appellate Commission for plenary consideration. MCR 7.302(F)(1). The WCAC abused its discretion in dismissing this case. Counsel for appellant timely filed a claim for review and timely ordered a transcript. The transcript was not timely prepared, but that was for reasons beyond the control of appellant's counsel.

Finally, in *Tomblin v MNP Corp*, 456 Mich 871 (1997), the Court stated:

> In lieu of granting leave to appeal, the case is remanded to the Worker's Compensation Appellate Commission for plenary consideration. The WCAC abused its discretion in dismissing the case. Counsel for appellant timely filed a claim for review and timely ordered a transcript. The transcript was not timely prepared, but that was for reasons beyond the control of appellant's counsel.

We believe our Supreme Court, through these orders, has answered the question left open in *Marshall*, i.e., the "proper outcome" when the WCAC dismisses an appeal for failure to timely file a transcript, even though the appellant's attorney could not prevent the tardy filing. "Supreme Court peremptory orders are binding precedent when they can be understood." *People v Phillips (After Second Remand)*, 227 Mich App 28, 38, n 11; 575 NW2d 784

(1997). See also *People v Crall*, 444 Mich 463, 464, n 8; 510 NW2d 182 (1993) (Supreme Court orders can be binding precedent if the order is a final disposition of an application and the order contains a concise statement of the applicable facts and the reason for the decision); Const 1963, art 6, § 6. Thus, we conclude that the orders in *Horvath*, *Wimbush*, *Bright*, and *Tomblin* constitute binding precedent for the proposition that the WCAC abuses its discretion when it dismisses an appellant's appeal for failing to timely prepare transcripts when the appellant can show that the failure occurred "for reasons beyond the control of appellant's counsel."

Here, plaintiff's counsel ordered the transcript from Schultz Reporting, the reporter that previously processed the hearing transcripts for worker's compensation proceedings. After Schultz informed counsel that Dolman was responsible for preparing the transcripts, counsel promptly requested a transcript from Dolman with an explanatory letter that included a copy of the claim of review. Under these circumstances, we believe that plaintiff's counsel could have relied on Dolman either to file the transcript timely or, in the alternative, to advise counsel that the transcript would be filed late. After the appeal was dismissed, plaintiff moved for reconsideration and offered an explanation for the delay in filing the transcript. Although plaintiff's counsel could have anticipated that a delay might occur and moved for an extension of time to file the transcript under MCL 418.861a(5); MSA 17.237(861a)(5), we nonetheless find that the transcript was not timely filed with the WCAC for reasons beyond the control of plaintiff's counsel.

Accordingly, we hold that the WCAC abused its discretion in dismissing plaintiff's appeal and denying his motion for reconsideration. Because plaintiff is entitled to file the transcript and develop issues for review, we further hold that the WCAC's alternative ground for dismissal, that the commission shall review only those specific findings of fact or conclusions of law that the parties have requested be reviewed, MCL 418.861a(11); MSA 17.237(861a)(11), is inapplicable.

Reversed.