**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MAY 29, 2002**

THOMAS KURTZ,

    Plaintiff-Appellee,

v

No. 118723

FAYGO BEVERAGES, INCORPORATED,

    Defendant-Appellant.

_____

PER CURIAM

In this worker's compensation case, the Worker's Compensation Appellate Commission dismissed plaintiff's appeal because the transcript was not timely filed. The Court of Appeals thereafter reversed, relying on *Brooks v Engine Power Components, Inc*, 241 Mich App 56; 613 NW2d 733 (2000).

We conclude that in the circumstances of this case, in which plaintiff did not timely file a request for an extension of time, the WCAC did not abuse its discretion in dismissing the appeal. We thus reverse the Court of Appeals decision and reinstate the WCAC's dismissal of plaintiff's appeal.

I

Plaintiff sought worker's compensation benefits, claiming that he injured his back in the course of his employment with defendant. The magistrate granted an open award of benefits on December 19, 1995, following trial. On December 28, 1998, defendant filed a petition to stop benefits.[1] After a hearing, the magistrate granted the motion in an order mailed June 14, 2000, finding that plaintiff's disability had ended by December 2, 1998. He also ordered recoupment of benefits from that date.

On July 10, 2000, plaintiff filed a timely claim for review. Under MCL 418.861a,[2] the transcript was due within sixty days thereafter, or on or before September 8, 2000. After receiving the claim for review, the WCAC sent the parties a form letter regarding the appeal procedure, which included the following about transcripts and extensions:

TRANSCRIPTS

The appellant is responsible for filing the complete, original hearing transcript with the

_____

[1] The magistrate denied an earlier petition to stop benefits on July 25, 1997.

[2]

(5) A party filing a claim for review under section 859a shall file a copy of the transcript of the hearing within 60 days of filing the claim for review and shall file its brief with the commission and provide any opposing party with a copy of the transcript and its brief not more than 30 days after filing the transcript. For sufficient cause shown, the commission may grant further time in which to file a transcript.

Commission not later than 60 days after filing the Claim for Review. Copies of the transcript must be served on all opposing parties. Ref: Section 861a(5). Beginning January 1, 1999, the court reporting service will file the ordered original and all copies upon the appellant for distribution. The court reporting service will no longer file transcripts directly with the Commission.

EXTENSION OF TIME FOR FILING TRANSCRIPTS

Extensions of time will be considered if requested prior to the expiration of the above due dates, and will normally be granted on good cause shown. The first extension shall be granted automatically for 60 days. If extension requests are not timely, they will only be granted in extraordinary circumstances.

Plaintiff failed to file the transcript by September 8, 2000, and did not request an extension of time. Therefore, on September 26, 2000, the WCAC issued an order dismissing the appeal. In its letter, the commission stated that it would "consider a timely motion for reconsideration, supported by affidavit or other evidence, showing that the reason for the tardy filing was beyond plaintiff's control."

Plaintiff filed a motion for reconsideration explaining that he could not file the transcript on or before September 8 because the reporter did not complete the transcript until September 14, 2000.[3] On October 18, 2000, the WCAC issued an order denying reconsideration, "because plaintiff failed to

---

[3] The reporter's certificate attached to the motion was dated September 16, 2000, but the plaintiff did not file it with the WCAC until September 29, 2000, after entry of the dismissal order. An additional transcript volume was prepared later as the result of an oversight on behalf of the reporting firm.

3

show good cause that the untimely filing of the transcript was the result of circumstances beyond his control."

Plaintiff filed an application for leave to appeal with the Court of Appeals. The Court issued a peremptory order reversing and remanding to the WCAC for consideration of plaintiff's appeal, stating that it was bound by *Brooks* and a series of peremptory orders of this Court.[4] The Court further stated that, but for those authorities, it would affirm the WCAC on the basis that it did not abuse its discretion in dismissing the appeal for failure to timely file the transcript.

Defendant has filed an application for leave to appeal to this Court.

II

As we explained in *Marshall v D J Jacobetti Veterans Facility (After Remand)*, 447 Mich 544, 548-550; 526 NW2d 585 (1994), the Worker's Compensation Appellate Commission's practices regarding deadlines and extensions have previously been characterized as "chaotic." We noted, however, that effective January 1, 1993, the WCAC provided adequate notice of a change of practice regarding enforcement of its administrative rules and the statutory time limits. That policy stated:

---

[4] Unpublished order, entered February 20, 2001 (Docket No. 230773).

4

"The Workers' Compensation Appellate Commission has unanimously adopted a formal policy concerning filing requirements when requesting review of a workers' compensation claim.

"The Commission's policy will apply to all appeals filed on or after January 1, 1993. The new policy is as follows:

"1. Per the statutory requirements of section 861a(5), *the transcript is due within 60 days of the filing of the appeal. Any motion for an extension of time in which to file the transcript must be filed within that 60-day period.* In the event a motion for extension is timely filed, an automatic 60-day extension shall be granted from the date of the extension letter. Warning letters, advising that a transcript has not been timely received, shall no longer be sent for any appeals filed on or after January 1, 1993. *If the transcript or request for extension is not filed in a timely manner, the appeal shall be dismissed.*

"2. Per the statutory requirements of section 861a(5), the appellant's brief is due within 30 days of the filing of the transcript. Any motion for an extension of time in which to file the brief must be filed within that 30-day period. In the event a motion for extension is timely filed, an automatic 60-day extension shall be granted from the date of the extension letter. If the brief or request for extension is not filed in a timely manner, the appeal shall be dismissed or the decision of the magistrate shall be summarily affirmed.

"For appeals filed prior to January 1, 1993, each assigned panel of the Commission shall continue to exercise its discretion concerning extensions and dismissals. Because no party is guaranteed a particular panel, parties would be well advised to assume that their panel is composed of commissioners adhering to the strictest possible policy concerning the statutory filing requirements." [447 Mich 549-550 (emphasis added).]

*Marshall* involved a dismissal of an appeal because of the plaintiff's failure to timely file a brief on appeal. We

5

reversed the dismissal because it occurred before the WCAC gave clear notice of its changed policy. We announced, however, that dismissals of appeals filed after January 1, 1993, would be evaluated in light of the new policy.

Our *Marshall* decision included a footnote regarding untimely filing of transcripts, a subject that we expressly declined to rule upon:

> We are aware that the WCAC has dismissed some appeals for failure to file the transcript timely, and we observe that the WCAC's notice also states that transcript deadlines are to be strictly enforced. While the policy reasons for enforcing a deadline on the filing of transcripts may be at least as strong as those for enforcing a briefing deadline, there are circumstances in which an attorney cannot prevent the tardy filing of a timely ordered transcript. We express no opinion regarding the proper outcome in such a circumstance. [447 Mich 550, n 9.]

The Court of Appeals opinion on which the decision in the present case was based, *Brooks*, dealt at length with the matter of late transcripts. The *Brooks* Court reviewed several peremptory orders of this Court setting aside dismissals that had been entered on the basis of the failure to timely file transcripts.[5] The Court viewed these orders as answering the question left open in *Marshall*—"the 'proper outcome' when the WCAC dismisses an appeal for failure to timely file a transcript, even though the appellant's attorney could not

---

[5] *Tomblin v MNP Corp,* 456 Mich 871 (1997); *Horvath v Pegasus Tavern,* 454 Mich 912 (1997); *Bright v Voss Steel Corp,* 454 Mich 855 (1997); *Alshubi v Chrysler Corp,* 454 Mich 854 (1997); *Wimbush v Noecker Vinyl & Plastics,* 453 Mich 963 (1996).

6

prevent the tardy filing." 241 Mich App 61. The Court concluded that our orders

> constitute binding precedent for the proposition that the WCAC abuses its discretion when it dismisses an appellant's appeal for failing to timely prepare transcripts when the appellant can show that the failure occurred "for reasons beyond the control of appellant's counsel." [241 Mich App 62.]

*Brooks* established a rule that the WCAC abuses its discretion by dismissing an appeal for failure to timely file a transcript when such failure is the fault of the court reporter and not of the party or counsel. The court reporter's failure to timely prepare the transcript, however, does not, in itself, excuse a tardy filing. The WCAC's written policies provide clear notice of the obligation to request extensions of time before the due date. As stated in the form letter sent in this case, as of January 1, 1999, court reporters no longer file transcripts directly with the WCAC, but instead provide them to counsel. Thus, attorneys representing appellants can and should know if a transcript will not be timely filed and are in a position to request an extension within the allotted time.

Of course, unusual situations may arise in which an appellant's failure to timely request an extension might be excused. Where such a claim is made, evaluation of the circumstances is entrusted to the WCAC's discretion. Appellate courts review such decisions regarding failure to comply with procedural deadlines for an abuse of discretion.

7

*Zielke v A J Marshall Co*, 306 Mich 474, 477-478; 11 NW2d 209 (1943); *Meyers v Iron Co*, 297 Mich 629, 634-636; 298 NW 308 (1941).  As we stated in *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227-228; 600 NW2d 638 (1999):

> An abuse of discretion involves far more than a difference in judicial opinion.  *Williams v Hofley Mfg Co,* 430 Mich 603, 619; 424 NW2d 278 (1988).  It has been said that such abuse occurs only when the result is "'so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'"  *Marrs v Bd of Medicine,* 422 Mich 688, 694; 375 NW2d 321 (1985), quoting *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), and noting that, although the *Spalding* standard has been often discussed and frequently paraphrased, it has remained essentially intact.

## III

In this case, the transcript was due on September 8, 2000.  Plaintiff did not request an extension  and presented an explanation for the delay only in his motion for reconsideration of the dismissal order.  There, he explained that the reporter failed to prepare the transcript by the due date.  This explanation, however, did not excuse the failure to timely request an extension.  In view of the WCAC's efforts to remove the perceived "chaos" in prior practice and to enforce timely filing requirements, we find no abuse of discretion in this case.

As the Court of Appeals decision in *Brooks* noted, on a number of occasions we have set aside dismissals that were

8

based on the failure to timely file a transcript.  Each of those cases involved its own set of circumstances, and we do not reconsider at this point whether, under the principles enunciated here, we would reach the same decision in those cases.  In any event, our peremptory orders in those cases provide little guidance because of the limited discussion of the facts in the orders.

Accordingly, we hold that a court reporter's delay in preparing a transcript does not necessarily excuse a late filing where the appellant fails to request an extension of time under procedures established by the WCAC.[6]  In the circumstances of this case, the WCAC did not abuse its discretion in dismissing the appeal.  We therefore reverse the judgment of the Court of Appeals and reinstate the dismissal order.

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

---

[6] To the extent that the reasoning in *Brooks* is inconsistent with our decision here, it is overruled.

9

THOMAS KURTZ,

    Plaintiff-Appellee,

v                                No. 118723

FAYGO BEVERAGES, INCORPORATED,

    Defendant-Appellant.

_____

KELLY, J. (*dissenting*).

    A per curiam opinion is not an appropriate vehicle for resolving the issue in this case. Despite the WCAC's policy regarding filing requirements, this Court has found that the WCAC abused its discretion by dismissing cases due to late filing of transcripts. These were cases where the delay was not caused by the appealing party. See, e.g., *Tomblin v MNP Corp*, 456 Mich 871 (1997); *Bright v Voss Steel Corp*, 454 Mich 855 (1997). The Court of Appeals in *Brooks v Engine Power Components, Inc,*[1] was in accord with the orders in those cases. *Brooks* held that the WCAC abused its discretion when it dismissed an appeal because a court reporter filed a transcript untimely.

_____

[1] 241 Mich App 56; 613 NW2d 733 (2000).

In light of this precedent, it is unclear that the circumstances of the current untimely filing are insufficient to excuse the delay or the failure to request an extension. I would deny leave, allowing the matter to be resolved under *Brooks*, or I would grant leave to fully consider the continued viability of that decision.

CAVANAGH, J., concurred with KELLY, J.