*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SARA ELYAS,

        Plaintiff-Appellant,

v

MAHA GEBREL,

        Defendant-Appellee.

UNPUBLISHED
April 9, 2019

No. 342988
Ingham Circuit Court
LC No. 17-000819-NO

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff, Sara Elyas, appeals as of right an order of the circuit court dismissing without prejudice her lawsuit against defendant, Maha Gebrel. We affirm.

An altercation occurred between the parties on December 3, 2015. When police responded, they documented a small cut on plaintiff. Defendant contended that plaintiff's injury resulted from an accidental hit with a key ring as defendant was attempting to retreat from the altercation, whereas plaintiff contended that defendant intentionally cut her with a knife. The police classified the altercation as a "non-criminal incident." Plaintiff subsequently filed a civil complaint in the circuit court alleging negligence and assault on the part of defendant. The circuit court dismissed the complaint without prejudice, stating that plaintiff failed to provide documentation that the amount in controversy exceeded $25,000 such that the circuit court, and not the district court, had subject-matter jurisdiction. See MCL 600.8301(1). Plaintiff appeals the order of dismissal.

Whether a court has subject-matter jurisdiction is a question of law, and we review issues of law de novo. *River Investment Group, LLC v Casab*, 289 Mich App 353, 355; 797 NW2d 1 (2010). To the extent the circuit court's order could be deemed a sua sponte grant of summary disposition under MCR 2.116(I)(1), our review, again, is de novo. See *Al-Maliki v LaGrant*, 286 Mich App 483, 484-485; 781 NW2d 853 (2009). The circuit court record does not contain *any* indication that plaintiff contested the requirement that she provide documentation showing the jurisdictional monetary threshold. As such, plaintiff's appellate challenge to the circuit court's requirement for documentation is not preserved. This Court reviews unpreserved issues for plain

error. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). To the extent plaintiff may be attempting to argue that that the circuit court erred by failing to grant her additional time to provide the necessary documentation, this Court reviews for an abuse of discretion a decision regarding a party's failure to comply with procedural deadlines. See, generally, *Kurtz v Faygo Beverages, Inc*, 466 Mich 186, 192; 644 NW2d 710 (2002).

On appeal, plaintiff does not even *attempt* to counter the circuit court's reason for dismissing the case, i.e., her failure to provide, within a certain procedural timeline, documentary evidence supporting an amount in controversy exceeding $25,000. As such, appellate relief is not available. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (where an appellant "fails to dispute the basis of the trial court's ruling," this Court need not consider granting appellate relief).

Even if this Court were to deem plaintiff's mere filing of her appellate brief a "challenge" to the circuit court's ruling, plaintiff has presented no facts or legal authorities to support a conclusion that the circuit court erred in its analysis of the jurisdictional issue or in its decision to decline plaintiff's request for "extension days" to provide the needed documentary evidence. "It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (cleaned up). Plaintiff is not entitled to appellate relief.

Furthermore, the circuit court did not plainly err in analyzing jurisdiction in light of *Hodge v State Farm Mut Auto Ins Co*, 499 Mich 211; 884 NW2d 238 (2016), and *Meisner Law Group, PC v Weston Downs Condo Ass'n*, 321 Mich App 702; 909 NW2d 890 (2017). In *Hodge*, our Supreme Court indicated that the jurisdictional amount is "based on the amount prayed for in the complaint," subject to a "bad faith" exception. *Hodge*, 499 Mich at 221-222. In *Meisner*, 321 Mich App at 718, this Court concluded that "bad faith is not a plaintiff's subjective ill will" but "exists when a plaintiff's claim to damages in the pleadings [is] unjustifiable because they could not be proved" (cleaned up). The *Meisner* Court concluded that if the documentary evidence "shows by undisputed facts that the plaintiff's claim to damages exceeding the jurisdictional amount cannot be proved," dismissal is proper. *Id*. at 719.

In this case, plaintiff filed a complaint alleging a "broken hand," but submitted documents, including plaintiff's own statement, demonstrating only the existence of an injury to the top of plaintiff's head. In this same statement, plaintiff referred to a hospital bill of $6,636.10, and the police incident report submitted with the complaint refers to the injury as a "small cut on the top of her head." It was not plainly erroneous for the circuit court to conclude that summary disposition under MCR 2.116(I)(1) was appropriate because the evidence submitted by *plaintiff herself* failed to show an amount in controversy that exceeded $25,000.

If this Court analyzes plaintiff's appeal as a challenge to the circuit court's decision declining to grant plaintiff additional time to file necessary documentation, there is again no basis for reversal. MCR 2.401(B)(2)(a) states that "the court shall establish times for events the court deems appropriate." In this case, the circuit court issued a scheduling order that established a date for a scheduling conference. The order stated: "You will be required to certify

on the Scheduling Conference Order that this case is more than $25,000 or it may be dismissed by the [c]ourt." The scheduling conference took place, yet plaintiff did not file her utterly nonspecific request for "extension days" until several weeks later. Under these circumstances, the circuit court did not abuse its discretion in disallowing further time.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron