BEGER *v.* INDUSTRIAL PAINTING COMPANY.

1. WORKMEN'S COMPENSATION—APPEAL BOARD—ASSIGNMENT OF CASE FOR DECISION.

Policy of workmen's compensation appeal board that it would **give** final notice to parties to an appeal that the case had been assigned for decision, so that briefs could be filed, could be relied on by litigants and counsel once it had been made and published for the benefit of all the attorneys **practicing** before the appeal board (CLS 1961, § 608.11, as amended by PA 1965, No 139).

2. SAME—APPEAL BOARD—ASSIGNMENT OF CASE FOR DECISION—ADMINISTRATIVE LAW AND PROCEDURE.

Policy of workmen's compensation appeal board that it would give a final notice to parties to an appeal at the time the case was assigned for decision, so that parties could file briefs, *held,* not to be a rule within the meaning of the administrative code, because it was self-imposed restraint on the department's processing of appeals and did not purport to impose any duty on, or affect any right of, persons dealing with the department (CL 1948, § 24.71 *et seq.*).

3. SAME—APPEAL BOARD—CHAIRMAN—ASSIGNMENT OF CASE FOR DECISION.

Chairman of the workmen's compensation appeal board had the power to give notice to attorneys when assignment of a case for decision is made as part of his general supervisory control of the work of the board and its employees (CLS 1961, § 408.11, as amended by PA 1965, No 139).

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 58 Am Jur, Workmen's Compensation §§ 401, 425.
[5] 58 Am Jur, Workmen's Compensation § 543.

4. SAME—APPEAL BOARD—ASSIGNMENT OF CASE FOR DECISION—NO-
TICE.

  Appellee in appeal to workmen's compensation appeal board *held*,
    entitled to notice when the case was assigned for decision and
    the right at that time to submit a brief if he so desired, pur-
    suant to announced policy of board that it would give notice
    to parties when a case was assigned for decision (CLS 1961,
    § 408.11, as amended by PA 1965, No 139).

5. COSTS—PUBLIC QUESTION—ASSIGNMENT OF CASE FOR DECISION—
BRIEFS.

  No costs are allowed on appeal from decision of workmen's com-
    pensation appeal board reversing an award made by referee,
    in a case where the claimant was not given notice that his
    case had been assigned for decision by appeal board and an
    opportunity to submit a brief, pursuant to the announced policy
    of the board, a public question being involved (CLS 1961,
    § 408.11, as amended by PA 1965, No 139).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 1 January 5, 1967, at
Detroit. (Docket No. 1,598.) Decided October 3,
1967. Leave to appeal denied January 17, 1968.
See 380 Mich 753.

Conrad A. Beger presented his claim for work-
men's compensation against his employer, Industrial
Painting Company, and its insurer Midland Na-
tional Insurance Company. Award to claimant. Em-
ployer appealed to Workmen's Compensation Ap-
peal Board. Award reversed by appeal board, and
compensation denied. Plaintiff appeals. Reversed,
and remanded for further proceedings.

*Zwerdling, Miller, Klimist & Maurer,* for plaintiff.

*William E. Wade,* for defendants.

HOLBROOK, J. Plaintiff claims he is entitled to
compensation under the workmen's compensation
act. A finding was made by a referee of the work-
men's compensation department on July 27, 1964,

that plaintiff-employee suffered occupational disability on November 20, 1962.

The defendants appealed from the decision of the hearing referee by filing an application for review of claim to the workmen's compensation appeal board. On November 2, 1964, the workmen's compensation appeal board notified all counsel that the complete transcript of testimony had been filed with it, and that the brief of the moving parties (defendants) was to be filed by November 17, 1964, and the brief of the responding party (plaintiff) to be filed within 10 days thereafter. On or about November 4, 1964, counsel for all parties received the required number of copies of the complete trial transcript.

Thereafter defendant requested on two occasions extension of time in which to file a brief with the appeal board. The last extension was to January 16, 1965.

Defendants failed to file their brief within the time granted in the extension, and therefore plaintiff did not file a reply brief.

On November 2, 1965, the appeal board, without prior notice to either party, filed its opinion and order reversing the referee and denying compensation.

The Supreme Court granted leave to appeal to plaintiff herein, May 11, 1966, upon the issue of the adequacy of the hearing before the appeal board, transferring the matter to this Court for decision.

Plaintiff maintains that he was prejudiced in not being notified in accord with a statement of policy issued by the chairman of the workmen's compensation appeal board. This statement of policy was published in 7 State Bar of Michigan Workmen's Compensation Law Section Review, No 3 (July 6, 1964), and reads as follows:

"Memorandum as to appeals          June 17, 1964
"To:. All attorneys
"From: Vincent McAuliffe, Chairman, Workmen's Compensation Appeal Board.

"You may consider all requests for extensions of time for filing of briefs as granted, absent notice to the contrary.

"If no brief has been filed by the time the case is assigned for decision, you will be given a final, notice thereon and compliance required."

CLS 1961, § 408.11* as last amended by PA 1965, No 139 (Stat Ann 1965 Cum Supp § 17.6[17]), immediately effective July 12, 1965, provides as follows: "The chairman of the appeal board shall have general supervisory control of, and be in charge of the assignment of, the work of the board and its employees."

We read this provision to include giving notice to attorneys when assignment of a case for decision is made. We do not pass on the advisability of such policy, but once it is made and published for the benefit of all attorneys practicing before the said appeal board it may be relied upon by litigants and counsel.

Since the memorandum as to appeals was a self-imposed restraint on the department's processing of appeals and did not purport to impose any duty on, or affect any right of, persons dealing with the department, defendant has no standing to complain that the policy therein set forth was not promulgated as a rule in the manner provided in the administrative code. PA 1943, No 88, as amended (CL 1948, § 24.71 *et seq.* [Stat Ann 1961 Rev § 3.506(7) *et seq.*]).

---

* The chairman of the appeal board shall have general supervisory control of the work of said board and employees thereunder. He shall have charge of the assignment of the work of said board to the members thereof and its employees.

We conclude that counsel for plaintiff was entitled to notice when the case was assigned for decision and the right at that time to submit a brief if he so desired. The order of the workmen's compensation appeal board is hereby set aside and the case remanded for further proceedings in accordance with this opinion.

No costs, a public question being involved.

LESINSKI, C. J., and LEVIN, J., concurred.