DRIES v CHRYSLER CORPORATION

Docket No. 58463. Submitted October 4, 1977 (Calendar No. 6).—
    Decided November 28, 1977.

> Otto J. Dries was awarded limited workmen's compensation
> benefits against his employer, Chrysler Corporation. The plain-
> tiff sought a review of his claim by the Workmen's Compensa-
> tion Appeal Board, which dismissed the appeal for failure to
> file a transcript of the workmen's compensation hearing. The
> Court of Appeals, D. E. Holbrook, P. J., and Allen and D. F.
> Walsh, JJ., denied leave to appeal (Docket No. 27525). Plaintiff
> appeals. *Held:*

> The Workmen's Compensation Appeal Board Rules require the
> appealing party to file a transcript within 30 days of filing the
> claim for review. The power to dismiss appeals for failure to
> comply with that rule is necessarily implied in the statute
> granting the Workmen's Compensation Appeal Board the au-
> thority to make rules on appellate procedure because it is
> essential to the enforcement of the rules. The case is remanded
> to the Workmen's Compensation Appeal Board to determine
> whether the plaintiff substantially complied with the proce-
> dural rule, as he claims.

> Affirmed as modified.

*Ripple, Chambers & Steiner, P. C.* for plaintiff.

*Lacey & Jones* (by *John L. Salter)* for defendant.

PER CURIAM. A hearing referee found that plain-
tiff had been disabled by a work-related injury
sustained on May 31, 1968. Benefits were limited
to the period before January 19, 1971. Plaintiff
filed a timely application for review of claim on
November 28, 1975. The Worker's Compensation
Appeal Board dismissed the appeal on January 21,
1976 because plaintiff had not filed a transcript of
the proceedings before the hearing referee.

Plaintiff claims on appeal that the WCAB does
not have the power to dismiss a case for failure to

provide a transcript. We disagree. Under MCLA 418.261; MSA 17.237(261), the board has the authority to make rules on appellate procedure. The board adopted Worker's Compensation Appeal Board Rule 19, 1959 AACS, R 408.49, which requires that the appealing party file a transcript within 30 days of the filing of the claim for review. The power to dismiss appeals for failing to comply with Rule 19 is necessarily implied from the statute granting the board the authority to make rules on appellate procedure. The power to dismiss is essential to the enforcement of these procedural rules. See *McAvoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977), in which it was held that the WCAB's power to dismiss appeals for noncompliance with 1975 PA 34 is necessarily implied in that statute.

The remaining claims made by plaintiff are that he substantially complied with Rule 19 and that dismissal of his appeal violates due process. The WCAB gave plaintiff notice that his appeal would be dismissed unless the transcript or a letter from the court reporter showing it had been ordered was received within 30 days of the notice. We are not persuaded that the procedure used here violates the appealing party's due process rights.

Plaintiff's claim that he substantially complied with Rule 19 is a factual matter which has not yet been heard by the board. The case is remanded for a hearing before the WCAB on the question whether plaintiff substantially complied with Rule 19. At the conclusion of the hearing, the board shall make findings of fact concerning plaintiff's attempts to obtain a transcript and determine whether or not he substantially complied with Rule 19. We do not retain jurisdiction.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLE-

MAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.