BACIC v GENERAL MOTORS CORPORATION

Docket No. 78-1557. Submitted February 8, 1979, at Lansing.—Decided May 2, 1979.

John I. Bacic filed an application with the Workmen's Compensation Appeal Board (WCAB) for review of a decision by an administrative law judge. Subsequent extensions of time for the filing of briefs and arguments were granted by WCAB. Finally, a third letter was sent by the WCAB advising the parties that the case would be assigned for review within 90 days and that the parties could file any final argument or suggest alternative disposition. Neither party filed an appellate brief. Six months after sending the third letter, the appeal board, in a 3-2 opinion and order, dismissed Bacic's appeal for failure to file an appellate brief. By leave granted, Bacic appeals the order of dismissal. *Held:*

Workmen's Compensation Appeal Board Rules do not require an appellant to file a brief with the appeal board. Where an appellant fails to file a brief, the appeal board has a duty to proceed on the record, to promptly review the order together with records of hearings, and to make a decision on the appeal.

Reversed and remanded.

1. WORKMEN'S COMPENSATION — APPEAL BOARD — ADMINISTRATIVE LAW DECISIONS — REVIEW — STATUTES.

   A statute provides that the Workmen's Compensation Appeal Board review the decisions of its administrative law judges (MCL 418.859; MSA 17.237[859]).

2. WORKMEN'S COMPENSATION — APPEAL BOARD — ADMINISTRATIVE LAW — ADMINISTRATIVE DECISIONS — BRIEFS — REVIEW — ADMINISTRATIVE RULES.

   Workmen's Compensation Appeal Board Rules do not require an appellant, appealing from a decision of an administrative law judge, to file a brief with the Workmen's Compensation Appeal Board; therefore, if the appellant desires to file a brief, he or

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 539-552.
[2] 2 Am Jur 2d, Administrative Law § 728.

she must do so within the time limits provided, but even if the appellant fails to file any brief the appeal board has a duty to proceed on the record, to promptly review the order together with records of the hearings, and to make a decision on the appeal (1959 AACS R 408.49).

*Goodman, Eden, Millender & Bedrosian,* for plaintiff.

Before: BASHARA, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

BASHARA, P.J. Plaintiff appeals, by leave granted, from an opinion and order of the Workmen's Compensation Appeal Board dismissing his appeal from a referee's award for failure to file an appellate brief.

For purposes of this appeal, only the following facts are relevant. Plaintiff filed an application for review of the decision of an administrative law judge to the Workmen's Compensation Appeal Board. The board sent the parties a form letter advising them that appellant had 30 days in which to file the transcript of proceedings, or a letter from a court reporter attesting that a transcript was so ordered.

The board subsequently sent the parties another form letter stating that pursuant to Rule 19 of the administrative rules governing practice and procedure before the board, appellant's brief must be filed within 15 days of the date of the letter and appellee's 10 days thereafter. The letter gave an automatic extension of approximately six weeks because of the board's backlog. The letter further indicated that any extensions should be made prior to expiration of deadlines, but reserved to the board the right to curtail extensions and to require compliance with Rule 19.

Plaintiff subsequently requested a further exten-

sion prior to the expiration date, but no response was received. A third form letter advised the parties that the case would be assigned for active review within 90 days and that the parties could file any final argument or suggest alternative disposition.

Neither party filed an appellate brief. Six months after sending the third letter, the appeal board, in a 3-2 opinion and order, dismissed appellant's appeal for failure to file an appellate brief.

The appeal board's power of review over the decisions of administrative law judges derives from the following statutory provision:

"If a claim for review is filed, the board shall promptly review the order, together with the records of the hearing; it may hear the parties, together with such additional evidence as it in its discretion may allow them to submit and shall file its order with the records of the proceedings." MCL 418.859; MSA 17.237(859).

At issue here is the interpretation of Worker's Compensation Rule 19, promulgated by the board to clarify its responsibilities and those of litigants on appeal pursuant to the statute. The rule states:

"Whenever a claim for review from an award of the hearing referee is filed, the party making such claim for review shall, at his expense, file with the appeal board a complete transcript of all the testimony taken and the proceedings had before the hearing referee within 30 days from the date the claim for review is filed. In all cases where the employer files a claim for review, a copy of the testimony, depositions and other documents necessary for such appeal shall be furnished by the employer to the employee or his attorney.

The appealing party's brief must be filed within 15 days after the filing of the transcript and a copy served upon the opposite party. The opposite party's reply brief must be filed within 10 days after receipt of the

appellant's brief. If within 30 days from the date of the filing of the transcript either party shall make a written request for leave to present oral argument, the matter will be scheduled for such hearing. Otherwise, and at the expiration of said 30 days, the appeal board will hear the case upon the record and such briefs as have been filed and make a decision upon the appeal." 1959 AACS R 408.49.

This Court concludes that Rule 19 does not require an appellant to file a brief with the board. There is a clear duty under the rule to file a transcript of the proceedings before the administrative law judge, *Dries v Chrysler Corp,* 402 Mich 78; 259 NW2d 561 (1977).

The rule does state that "the appealing party's brief must be filed within 15 days after the filing of the transcript". However, it further provides that "* * * the appeal board will hear the case upon the record and *such briefs as have been filed* and make a decision upon the appeal".

The most logical interpretation of the above language is that if the appellant desires to file a brief, he or she must do so within the time limits provided. But, even if appellant fails to file any brief, the board has a duty to proceed upon the record.

The language of the applicable statute, MCL 418.859; MSA 17.237(859), supports this reasoning, stating that "the board *shall* promptly review the *order,* together with *records* of the hearings * * *".

Finally, the majority of the board's reliance on *Redfern v Sparks-Withington Co,* 353 Mich 286; 91 NW2d 516 (1958), appears to be misplaced. The Supreme Court there determined that the appeal board had discretion to decide the case without the filing of briefs. Only by dicta does the Court indi-

cate that the defendant might have moved to dismiss for failure of plaintiff to file a brief. We do not construe that statement as requiring that a party must file briefs to have the board dispose of a case on the record.[1]

Having construed the statute as we have, a determination of the constitutional issues raised becomes unnecessary.

Reversed and remanded to the appeal board for the purpose of conducting a hearing on the merits of the record before it.

---

[1] If the appeal board should desire to effectuate the policy set forth in its majority opinion, the statute would not seem to preclude that result. However, such an action would, in our opinion, require resort to the Administrative Procedures Act for promulgation of such a rule.