## LAMBROFF v RAM'S HORN RESTAURANT

Docket No. 80645. Submitted December 3, 1985, at Detroit.—Decided
February 18, 1986.

Plaintiff, Steven Lambroff, suffered a work-related injury while
employed by defendant, Ram's Horn Restaurant. After a hear-
ing, a hearing referee denied workers' compensation benefits to
plaintiff. Plaintiff filed an appeal with the Workers' Compensa-
tion Appeal Board. The appeal board acknowledged receipt of
plaintiff's appeal by a letter which directed plainitff to secure
the filing of a transcript of proceedings had before the hearing
referee within 30 days of the appeal board's letter or face
dismissal of his appeal without further notice. Plaintiff's appeal
was dismissed by the appeal board on defendant's motion based
on plaintiff's failure to file a transcript as required by an
administrative rule. Plaintiff appealed to the Court of Appeals.
*Held:*

1. The appeal board's dismissal of plaintiff's appeal was
improper. The board's acknowledgment letter granted plaintiff
an extension of time, which had not expired when defendant
moved to dismiss, for ordering the transcript as allowed by an
administrative rule.

2. The appeal board's decision dismissing plaintiff's appeal
was arbitrary, capricious and a clear abuse of its discretion.
The board's practice of directing appealing parties to order
transcripts within 30 days of its acknowledgment letter has
superseded the administrative rule requiring filing of tran-
scripts within 30 days of filing appeals and, in this case,
consituted an extension of time pursuant to administrative
rule.

Reversed and remanded.

WORKERS' COMPENSATION — ADMINISTRATIVE RULES — ADMINISTRA-
TIVE PROCEDURES ACT.

The Workers' Compensation Appeal Board may not dismiss an

### REFERENCES

Am Jur 2d, Workmen's Compensation §§ 613 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Workers'
Compensation.

appeal based on an appellant's failure to file a transcript of proceedings had before a hearing referee within 30 days of the filing of the appeal as required by administrative rule if the board by an acknowledgment letter allows the appellant to file the transcript beyond 30 days of the filing of his appeal; to do so would violate the Administrative Procedures Act which provides that a rule or exception must be uniformly applied (MCL 24.232[2]; MSA 3.560[132][2], 1979 AC, R 408.49[1] and R 408.51).

*Rader, Eisenberg & Feldman, P.C.* (by *Judythe E. Johnson*), for plaintiff.

*Le Vasseur, Egan, Leslie & Johnson, P.C.* (by *Denice M. Le Vasseur*), for defendant.

Before: MACKENZIE, P.J., and D. F. WALSH and SHEPHERD, JJ.

SHEPHERD, J. Plaintiff, Steven Lambroff appeals from a Workers' Compensation Appeal Board's dismissal of his appeal for failure to file a transcript of the proceedings before the hearing referee within 30 days of filing the appeal, as required by Rule 19, 1979 AC, R 408.49(1). This Court granted plaintiff's application for leave to appeal. We reverse the appeal board's dismissal of plaintiff's appeal and order that the appeal be reinstated.

The facts are not in dispute. Plaintiff suffered a work-related knee injury on December 16, 1979, while employed by defendant, Ram's Horn Restaurant. On October 27, 1982, plaintiff petitioned for a hearing before the Bureau of Worker's Compensation. A hearing was held on January 6, 9 and 10, 1984. On March 22, 1984, hearing referee Gary W. Brasseur mailed his decision denying benefits. On March 28, 1984, plaintiff filed an appeal with the Workers' Compensation Appeal Board.

Plaintiff received a form letter from the appeal board dated May 31, 1984, acknowledging that

plaintiff had filed an appeal. The letter directed plaintiff to secure the filing of a transcript within 30 days of the date of the letter or face dismissal without further notice. The letter stated in part:

"A claim for review has been filed by *XXX* plaintiff, —defendant, and/or —. *Appellant must secure the filing of a transcript of the proceedings within 30 days of the date of this letter.* If any appeal is filed by a defendant, a copy of the transcript should be furnished the employee or his attorney in accordance with section 859 of the Worker's Disability Compensation Act. The cost of the appeal board's original transcript must be paid by the appealing party. The transcript order to the court reporter by the appealing party must be in writing, and must indicate that the case is on appeal. A copy of the order letter must be sent to the appeal board.
"The transcript can be secured from
ACME COURT REPORTERS
209 STATE OF MICHIGAN PLAZA BUILDING
1200 SIXTH STREET
DETROIT, MICHIGAN 48226
*"Your appeal will be dismissed without further notice unless the transcript or a letter from the court reporter assuring its preparation is received by the appeal board within 30 days from the date of this letter."* (Emphasis added.)

On June 5, 1984, *(i.e.,* five days after the date of the above letter), defendant moved to dismiss plaintiff's appeal for the reason that plaintiff had not filed a transcript within 30 days from the date the appeal was filed, as required by Rule 19, 1979 AC, R 408.49. On June 6, 1984, plaintiff sent his response to defendant's motion and a letter to the court reporter ordering a transcript and requesting that a letter verifying the order be sent to the appeal board. On June 8, 1984, the court reporter sent the requested letter to the appeal board.

Plaintiff's letter ordering the transcript and the court reporter's response were written well within the 30 days allowed in the appeal board's acknowledgment letter dated May 31, 1984.

A memorandum circulated among the appeal board members shows that one member initially voted to deny the motion on the ground that the board's practices had superseded Rule 19. Another member stated:

"I would dismiss. Plaintiff's reliance upon our letter of acknowledgment is misplaced. Parties to claims should not be taking advantage of our inability to be current with appeals."

The latter rationale prevailed and on July 16, 1984, the appeal board mailed its order dismissing plaintiff's appeal. Plaintiff's subsequent motion to reinstate his appeal was denied.

Workers' Compensation Appeal Board Rule 19, 1979 AC, R 408.49(1), states in part:

"If a claim for review from an award of the administrative law judge is filed, the party making such claim for review shall, at his expense, file with the appeal board a complete transcript of all the testimony taken and the proceedings had before the administrative law judge within 30 days from the date the claim for review is filed."

Rule 21 allows the appeal board to grant reasonable extensions of time:

"Rule 21. The appeal board may grant extensions of time in which to comply with any rule when it shall deem such extensions of time reasonable." 1979 AC, R 408.51.

The appeal board's order dismissing plaintiff's appeal was improper for two reasons. First, the

board's acknowledgment letter should be viewed as granting plaintiff an extension of time for ordering the transcript as allowed by Rule 21. The letter, dated May 31, 1984, plainly states that plaintiff "must secure the filing of a transcript of the proceedings within 30 days of the date of this letter". It further indicates that a letter to the board from the court reporter within the 30-day period verifying the transcript order will satisfy the time requirement. Both parties agree that plaintiff ordered the transcript and obtained a letter from the court reporter well within the 30-day period allowed by the letter of May 31. The appeal board may not ignore its own *ex parte* decision to extend the time in which plaintiff could secure a transcript, as it seeks to do in this case.

Secondly, the appeal board's decision dismissing plaintiff's appeal was arbitrary, capricious and a clear abuse of its discretion. Although Rule 19 allows the board to dismiss a case where the appealing party fails to file a transcript within 30 days of filing the appeal, the board may not sporadically or selectively enforce its own rule. Section 32(2) of the Administrative Procedures Act provides that a rule or exception must be uniformly applied:

> "A rule or exception to a rule shall not discriminate in favor of or against any person, and a person affected by a rule is entitled to the same benefits as any other person under the same or similar circumstances." MCL 24.232(2); MSA 3.560(132)(2).

Plaintiff has attached copies of documents from three other cases in which the appeal board sent the same or a similar acknowledgment form letter and where plaintiffs' attorneys followed virtually the same procedure for securing the transcript.

We find further support in *Dries v Chrysler Corp,* 402 Mich 78; 259 NW2d 561 (1977), (appeal board dismissed appeal for failure to file transcript within 30 days of appeal). There, the plaintiff also received a notice that his appeal would be dismissed unless the transcript or a letter from the court reporter verifying that it had been ordered was received within 30 days *of the notice.* It can be inferred from the Supreme Court's opinion that the plaintiff did not order the transcript within 30 days of the board's notice. The case was nevertheless remanded for a hearing before the appeal board on the question of whether plaintiff substantially complied with Rule 19.

The appeal board's action in this case was arbitrary. The board's practice of directing appealing parties to order transcripts within 30 days of its acknowledgment letter has superseded Rule 19 in this case and constituted an extension of time pursuant to Rule 21. Plaintiff legitimately relied on this practice and, specifically, on the directions in the acknowledgment letter. The board may not arbitrarily and selectively enforce Rule 19.

Accordingly, we are reversing and remanding with instructions to the appeal board to expedite consideration of plaintiff's appeal. We retain jurisdiction only to the extent necessary to enforce those instructions upon the motion of either party.

Reversed and remanded.