MARSHALL v D J JACOBETTI VETERANS FACILITY (ON REMAND)

Docket No. 166767. Submitted May 4, 1994, at Lansing. Decided June 7, 1994, at 9:05 A.M. Leave to appeal sought.

Edgar S. Marshall, an employee of the D.J. Jacobetti Veterans Facility, was denied worker's compensation benefits following a hearing before a worker's compensation magistrate. He filed an appeal with the Worker's Compensation Appellate Commission, failed to file a brief by its due date, obtained two extensions of the brief-filing deadline, and was denied a third extension of the filing deadline. The commission summarily affirmed the magistrate's decision on the basis of Marshall's failure to comply with MCL 418.861a; MSA 17.237(861a) and 1991 AACS, R 418.6(2), which require the filing of a brief. Marshall sought and was denied leave to appeal in the Court of Appeals, but the Supreme Court, in lieu of granting leave, remanded to the Court of Appeals for consideration as on leave granted of the issue whether the commission should have considered the merits of the appeal. 443 Mich 854 (1993).

On remand, the Court of Appeals *held:*

1. MCL 418.861a(5); MSA 17.237(861a)(5) expressly requires an appellant to file a brief before the commission is obligated to hear the appeal. MCL 418.861a(8),(11); MSA 17.237(861a)(8),(11) implicitly imposes the same requirement. Dismissal of an appeal for noncompliance with a statutory or administrative rule requirement is consistent with the commission's authority under MCL 418.274(7); MSA 17.237(274)(7) to make rules of appellate procedure.

2. Marshall received notice of the change in the commission's practice of granting only two brief-filing extensions instead of the three extensions it had allowed in the past.

3. Marshall failed to establish that the dismissal of his appeal had been unreasonable, arbitrary, or capricious.

4. Remand to the appellate commission for a determination whether Marshall substantially complied with the brief-filing

REFERENCES

Am Jur 2d, Workers' Compensation §§ 686, 687.
See ALR Index under Administrative Law; Workers' Compensation.

requirements is unnecessary because it is clear that he did not do so.

Affirmed.

WORKER'S COMPENSATION — APPELLATE COMMISSION — BRIEFS BY APPELLANTS — DISMISSALS.

The Worker's Compensation Appellate Commission is not obligated to hear an appeal unless the appellant files a brief; the commission may dismiss an appeal and summarily affirm a decision of a worker's compensation magistrate where the appellant fails to file a brief timely (MCL 418.861a[5],[8],[11]; MSA 17.237[861a] [5],[8],[11]; 1991 AACS, R 418.6[2]).

*Evans, Pletkovic, Hayes & Rhodes, P.C.* (by *John J. Hays*), and *Wisti & Jaaskelainen, P.C.* (by *Daniel J. Wisti*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Victoria A. Keating,* Assistant Attorney General, for D.J. Jacobetti Veterans Facility and Accident Fund of Michigan.

ON REMAND

Before: HOOD, P.J., and CAVANAGH and D. A. TEEPLE,* JJ.

PER CURIAM. The Worker's Compensation Appellate Commission dismissed plaintiff's appeal and summarily affirmed the magistrate's denial of disability compensation benefits because plaintiff failed to file his brief timely. In a previous appeal, Docket No. 155748, we denied plaintiff's application for leave to appeal for lack of merit in the grounds presented, but the Supreme Court remanded the appeal for consideration as on leave granted "of the issue whether the Worker's Compensation Appellate Commission should have considered the merits of the appeal." 443 Mich 854 (1993).

* Circuit judge, sitting on the Court of Appeals by assignment.

The magistrate mailed his opinion and order on February 25, 1991. Plaintiff filed a timely claim for review on March 15, 1991. The stenographer filed the hearing transcript with the commission on May 10, 1991. Plaintiff's brief was due thirty days after that, on June 10, 1991. MCL 418.861a(5); MSA 17.237(861a)(5); 1991 AACS, R 418.6(2). Plaintiff did not file his brief or a motion to extend that time by the due date. On June 11, 1991, he filed a motion for "a short extension of time in which to file his brief." While that motion was pending, the commission, on July 12, 1991, acknowledged receipt of plaintiff's appeal in a letter that repeated the statutory brief-filing deadline and warned that "if an appellant fails to file a brief, the Commission may summarily affirm the decision of [the] hearing officer."

On October 30, 1991, the commission granted plaintiff's motion for an extension of time and directed that the brief be filed within thirty days, on or before November 29, 1991. Plaintiff did not meet that deadline. He waited more than three months and on March 9, 1992, again requested "a short extension of time in which to file his brief." The commission granted that request on March 26, 1992, directing plaintiff to file his brief within thirty days, by April 27, 1992. Plaintiff again missed that deadline, but filed a motion for a third extension of the deadline. By order entered June 30, 1992, the commission denied that motion "as untimely because it was not received within the thirty day extension for filing of plaintiff's brief previously granted by Commission letter dated March 26, 1992." The commission also summarily affirmed the magistrate's decision because of plaintiff's failure to comply with the briefing requirement of § 861a(5) of the worker's compensation act.

Plaintiff first contends that despite the explicit

requirement for a brief in § 861a(5) and the implicit requirement in § 861a(11), the commission was obligated to decide his appeal, even without a brief, because § 861a(1) provides, "Any matter for which a claim for review under section 859a had been filed shall be heard and decided by the appellate commission." MCL 418.861a(1); MSA 17.237(861a)(1). Further, plaintiff argues that the commission has no authority to dismiss an appeal for failure to file a brief and that the sanction provision of § 861b is inapplicable to that kind of default.

Neither contention is meritorious. Unlike the former practice, which required the Worker's Compensation Appeal Board to decide appeals, even without briefs, *Bacic v General Motors Corp,* 90 Mich App 40; 282 NW2d 1 (1979), § 861a(5) expressly and subsections 8 and 11 implicitly require an appellant to file a brief before the commission is obligated to hear the appeal. Section 861a(1) is not a mandate to hear all appeals, with or without briefs, but, in conjunction with § 859a to which it specifically refers, is an allocation of jurisdiction between the former appeal board and the current appellate commission.

Further, the authority to dismiss an appeal for noncompliance with a statutory or rule requirement is implicit in the commission's authority under MCL 418.274(7); MSA 17.237(274)(7) to make rules of appellate procedure. See *Dries v Chrysler Corp,* 402 Mich 78; 259 NW2d 561 (1977); *McAvoy v H B Sherman Co,* 401 Mich 419; 258 NW2d 414 (1977); *Garcia v McCord Gasket Corp,* 201 Mich App 697; 506 NW2d 912 (1993).

Plaintiff contends that the commission's "chaotic" past practice of granting extensions indicates that the commission treated the transcript and brief filing deadlines as directory only and that he

was not given notice or the benefit of the commission's latest change in practice at the time, that of warning a delinquent party to either comply with the time limit or request an extension of time.

The commission agreed that its policy on extensions has been chaotic, but that history "should give counsel no assurance that things will always remain chaotic. A new day has dawned at this Commission. Simply put, a deadline is a deadline."

The commission's extension practices have been varying and chaotic indeed, much as were its predecessor's, the Appeal Board's, practices. While an agency can change its practices from time to time, it cannot enforce a change in practice without giving notice to the affected parties. *Lambroff v Ram's Horn Restaurant,* 149 Mich App 303; 385 NW2d 775 (1986); *Beger v Industrial Painting Co,* 7 Mich App 628; 152 NW2d 706 (1967). However, this plaintiff was not misled. By March of 1992, the commission changed its past practice of granting up to three thirty-day extensions. On February 8, 1992, the commission decided *Gruckunas v Aetna Industries,* 1992 WCACO 73, in which a panel of the commissioners announced the intention to strictly enforce the filing deadlines:

> The undersigned Commissioners consider adherence to statutory deadlines and orders of the Appellate Commission to be of the utmost importance. It is the obligation of practitioners at the Bar to respect this aspect of the legal process. This is an obligation to the client, and to the system of justice. . . .

> \* \* \*

> The position of the undersigned Commissioners is simple: A deadline is a deadline. It is not unreasonable or improper for us to expect professional practitioners to adhere to a deadline we establish according to the law.

By March of 1992 the commission changed its policy to allow only two thirty-day extensions. On March 26, 1992, the commission granted plaintiff a second extension, extending the time for his brief until April 27, 1992. Hence, plaintiff had both notice of the commission's change and the full benefit of its latest practice. Despite that, plaintiff did not file his brief as due on April 27, 1992, and in fact did not file it until July 10, 1992, after the commission dismissed his appeal and affirmed the magistrate's decision. Hence, despite the commission's chaotic past practice, plaintiff was on notice in the spring of 1992 that the commission would require adherence to filing deadlines and, further, the commission gave plaintiff the benefit of its latest policy change to allow two thirty-day extensions. Still, plaintiff did not comply with the recent deadline. Under those circumstances, the commission did not abuse its discretion in dismissing plaintiff's appeal and the appellate commission was not required to consider this case on the merits.

Plaintiff also argues that the commission has acted arbitrarily and unreasonably by dismissing some appeals and not others. Why, he asks, was his appeal dismissed after pending for about 428 days when other, fully briefed cases have been pending for up to 1,500 days before being decided? There is a reasonable basis for treating appeals that have not been briefed timely differently from those that have. In the former situation, the commission has the discretion to dismiss because the brief was untimely and the case might not be briefed at all, but in the latter situation the commission has no discretion to dismiss a briefed case, but is prevented by a substantial backlog from timely deciding pending appeals.

Plaintiff also charges that the commission has

not been evenhanded in dismissing appeals because of missed deadlines. However, the commission's decisions in individual cases are based on different fact situations and different extension policies that plaintiff does not explain. Different treatment of other cases does not necessarily indicate arbitrary and capricious action by the commission. Plaintiff cites a number of cases that have been decided by the commission but where no copy of the decision was sent to plaintiff's counsel. That fact, if true, may indicate omissions or sloppy practice within the commission office, but it does not suggest unreasonable, arbitrary, or capricious conduct by the commission.

Finally, plaintiff contends that the case should be remanded to the commission for consideration whether he substantially complied with the brief-filing requirements. We reject the request for two reasons. First of all, plaintiff did not raise this issue in his application for leave to appeal, and appeals by leave granted are limited to the issues raised in the application and supporting brief. MCR 7.205(C)(4). Second, there is not even a close question whether plaintiff substantially complied with the brief-filing requirement. He missed the initial brief-filing deadline and ignored two later extensions granted by the commission.

The order of the appellate commission is affirmed. Defendants may tax costs.