LAUDENSLAGER v PENDELL PRINTING, INC

Docket Nos. 174810, 179250. Submitted November 14, 1995, at Detroit. Decided January 16, 1996, at 9:00 A.M.

Andrew Laudenslager was granted a closed award of worker's compensation general disability and medical benefits for a work-related injury and timely filed a claim for review with the Worker's Compensation Appellate Commission. He timely filed the hearing transcripts, requested and received an extension of the briefing deadline to June 1, 1993, and mailed his brief to the WCAC on May 28, 1993, the Friday before the three-day Memorial Day holiday weekend. The brief was received and filed by the WCAC on June 2, 1993. The request of the defendants, Pendell Printing, Inc., and Lumberman's Mutual Casualty Company, for an extension of time in which to file their brief was granted and their brief was timely filed within the extended deadline. Nearly seven months later, the WCAC entered an order dismissing the plaintiff's appeal sua sponte for failure to timely file a brief by the extended deadline. The WCAC then denied the plaintiff's motion for reconsideration. The plaintiff appealed by leave granted from the orders dismissing his appeal and denying his motion for reconsideration. The appeals were consolidated.

The Court of Appeals held:

1. The doctrine of substantial compliance applies to briefing and other procedural deadlines in worker's compensation cases. Although the number of days by which a deadline is missed is not necessarily controlling, the length of the delay is a consideration to be taken into account together with other relevant factors, such as the reason for the delay and the existence of any resulting prejudice.

2. The WCAC abused its discretion in dismissing the plaintiff's appeal given plaintiff's substantial compliance with the briefing deadline, the reason offered for the plaintiff's noncompliance, and the lack of resulting prejudice to the defendants or the WCAC.

3. The WCAC is not correct in suggesting that a delay in the

REFERENCES

Am Jur 2d, Workers' Compensation § 695.
See ALR Index under Workers' Compensation.

mail is an insufficient extenuating circumstance to justify noncompliance with a deadline simply because other methods of filing are available to ensure timely receipt of the brief. The foreseeability of the possibility of late mail delivery does not alone entitle the WCAC to give no consideration at all to the postal delay as an extenuating circumstance.

Reversed and remanded.

WORKER'S COMPENSATION — PROCEDURAL DEADLINES — SUBSTANTIAL COMPLIANCE. .

The doctrine of substantial compliance applies to briefing and other procedural deadlines in worker's compensation cases; while the number of days by which a deadline is missed is not controlling, the length of the delay is a consideration to be taken into account together with other relevant factors, such as the reason for the delay and the existence of any resulting prejudice.

*Seward, Tally & Piggott, P.C.* (by *Webster C. Tally*) and *Charters, Heck & O'Donnell, P.C.* (by *Margaret A. O'Donnell*), for the plaintiff.

*Blake, Kirchner, Symonds, MacFarlane, Larson & Smith, P.C.* (by *Arthur G. Kirchner* and *Christopher G. Manolis*), for the defendants.

Before: FITZGERALD, P.J., and WAHLS and M. H. CHERRY,* JJ.

PER CURIAM. Plaintiff appeals by leave granted the dismissal of his appeal before the Worker's Compensation Appellate Commission for failure to timely file a brief and the denial of his motion for reconsideration. The appeals were consolidated. We reverse and remand the case to the WCAC for reinstatement and plenary consideration of plaintiff's appeal.

In a decision mailed on January 14, 1993, a worker's compensation magistrate granted plaintiff a closed award of general disability and medical

---

* Circuit judge, sitting on the Court of Appeals by assignment.

benefits for a work-related injury to his right hand and wrist. Plaintiff timely filed a claim for review with the WCAC on February 10, 1993, and timely filed the hearing transcripts with the WCAC on February 24, 1993.

Pursuant to MCL 418.861a(5); MSA 17.237(861a) (5), plaintiff's brief was due no later than thirty days after the filing of the transcripts with the WCAC.[1] On March 23, 1993, plaintiff requested an extension of the deadline for the brief and, pursuant to the WCAC's policy of automatically granting a sixty-day extension of the deadline in response to all timely first requests for extensions of the time, in a letter dated March 31, 1993, the WCAC extended the deadline to June 1, 1993.[2] The March 31, 1993, letter also advised plaintiff that he would not be granted any further extensions of time in this case and that a failure to timely file his brief by the extended deadline would subject the appeal to dismissal or summary affirmance of the magistrate's decision.

Plaintiff's brief was filed with the WCAC on June 2, 1993, one day after the extended deadline. Defendants' subsequent request for an extension of time in which to file their brief was granted by the WCAC on July 2, 1993. Defendants' brief was timely filed with the WCAC within the extended deadline on August 19, 1993. Nearly seven months later, on April 5, 1994, a unanimous, three-member panel of the WCAC entered an order dismissing plaintiff's appeal sua sponte for failure to timely file a brief by the extended deadline.

Plaintiff moved for reconsideration of the WCAC's order of dismissal on the ground that his brief was

---

[1] Plaintiff's brief was due no later than March 26, 1993.

[2] June 1, 1993, was the first business day occurring sixty days after the WCAC's March 31, 1993, letter granting plaintiff's request for an extension.

actually mailed to the WCAC four days before the deadline, on May 28, 1993, and was received by the WCAC only one day late without objection by, or apparent prejudice to, defendants. On September 16, 1994, the WCAC denied plaintiff's motion for reconsideration by a two-to-one vote.

Essentially, the WCAC majority opined that plaintiff had failed to establish sufficient cause for the commission to exercise its discretionary authority under 1991 AACS, R 418.8, to excuse noncompliance with procedural deadlines. In separate opinions, the majority focused upon the proffered reason for plaintiff's noncompliance with the deadline rather than the length or degree of noncompliance. The majority concluded that plaintiff was not justified in waiting until May 28, 1993, the Friday before the three-day Memorial Day holiday weekend, to mail his brief by ordinary mail for receipt the next business day of June 1, 1993. The majority also emphasized the previous extension of time, which amounted to plaintiff having ninety-six days after the day the hearing transcripts were filed to file his brief, and plaintiff's failure to identify any extenuating circumstances to explain the failure to file or mail the brief sooner.

The dissenting commissioner found persuasive plaintiff's arguments that he timely mailed his brief four days before the deadline, that he had no control over any postal delays, and that defendants neither objected to nor were prejudiced by the late filing. The dissent noted that plaintiff's brief was only one day late, arguably because of the heavy volume of mail accumulated over the holiday weekend, and opined that the extreme sanction of dismissal is inappropriate for such a minor transgression.

On appeal, we review for an abuse of discretion the WCAC's decision to dismiss plaintiff's appeal.

See, e.g., *Kocher v Dep't of Transportation,* 448 Mich 880; 533 NW2d 307 (1995). We find that the WCAC abused its discretion in dismissing plaintiff's appeal in this case, given plaintiff's substantial compliance with the briefing deadline, the reason proffered for plaintiff's noncompliance, and the lack of resulting prejudice to defendants or the WCAC.

The doctrine of substantial compliance applies to briefing and other procedural deadlines in worker's compensation cases. See, e.g., *Dries v Chrysler Corp,* 402 Mich 78, 79; 259 NW2d 561 (1977); *Dean v Great Lakes Casting Co,* 78 Mich App 664, 668-669; 261 NW2d 34 (1977). Here, plaintiff's brief was filed just one day late. While we do not disagree with the conclusion of the WCAC majority that the number of days by which a deadline is missed is not necessarily controlling, we note that the length of the delay is a consideration to be taken into account together with other relevant factors, such as the reason for the delay and the existence of any resulting prejudice. Cf. *Dean v Tucker,* 182 Mich App 27, 32-33; 451 NW2d 571 (1990).

The delay in the filing of the brief in this case was essentially an error of the mails. We reject the WCAC's suggestion that a mail delay is an insufficient extenuating circumstance to justify noncompliance with the deadline simply because other methods of filing, such as hand delivery or facsimile, are available to ensure timely receipt of the brief. Cf. *Mouhanis v Apex Foundry,* 400 Mich 825 (1977). While we do not necessarily disagree with the conclusion of the WCAC majority that plaintiff might have anticipated the possibility of later mail delivery given the intervening holiday weekend, we do not believe that the foreseeability of that possibility alone entitles the WCAC to give

no consideration at all to the postal delay as an extenuating circumstance. This is particularly true where, as here, it was not entirely unreasonable for plaintiff to believe that his brief could be delivered by mail on or before the deadline.

Finally, we note that there is little, if any, indication of prejudice to either the defendants or the WCAC as a result of the one-day delay. Defendants did not object to the delay below, and their ability to prepare and file their own brief with the WCAC was unaffected by the delay. The fact that the WCAC did not dismiss the appeal until approximately ten months after plaintiff's brief had been filed demonstrates that there was no real prejudice to the WCAC's ability to promptly and efficiently dispose of the appeal pending before it. In this regard, we distinguish that portion of this Court's previous decision in *Marshall v D J Jacobetti Veterans Facility (On Remand)*, 205 Mich App 540, 545; 517 NW2d 855 (1994), reversed on other grounds 447 Mich 544; 526 NW2d 585 (1994), that suggests that the length of time that untimely appeals remain pending before the WCAC is not pertinent to the reasonableness of the WCAC's ultimate decision to dismiss. In *Marshall,* the derelict party's brief was not filed with the WCAC until after the WCAC had already dismissed the appeal for failure to file a brief. In contrast, in the instant case both sides had filed briefs several months before the case was ever submitted to a panel of the WCAC for review.[3]

Given the circumstances described above, we find the harsh sanction of dismissal wholly dispro-

---

[3] By noting the lack of prejudice to the WCAC in this case, we do not adopt plaintiff's argument that the WCAC never has discretion to dismiss an appeal for failure to timely file a brief after the case has been belatedly briefed, nor do we suggest that a demonstration of prejudice is always necessary in order to justify a dismissal on procedural grounds.

portionate to the relatively small procedural infraction involved in this case.[4] Accordingly, we reverse the orders of the WCAC dismissing plaintiff's appeal for noncompliance with the briefing deadline, and remand this case to the WCAC for plenary review of the merits of plaintiff's appeal. Jurisdiction is not retained.

[4] We would not, however, forbid the WCAC from imposing some lesser sanction in this situation. Cf. MCR 7.212(A)(4).