# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 22, 2011

140723

MARY A. FERDON,
         Plaintiff-Appellant,

v

STERLING PERFORMANCE, INC. and
WEST AMERICAN INSURANCE COMPANY,
         Defendants-Appellees.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 140723
COA: 294562
WCAC: 09-000068

On January 21, 2011, the Court heard oral argument on the application for leave to appeal the March 1, 2010 order of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur in this Court's order, and write separately only to respond to the dissent. The dissent states that there is "no basis" for the WCAC's conclusion that "plaintiff's counsel intentionally withheld the [May 7] transcript." I respectfully disagree. In response to the WCAC, plaintiff's counsel stated that the transcript was not filed because "no relevant information was detailed in the transcript that would have negative impact on the defendants' position in the case." Thus, plaintiff's counsel's *own* concession established a sufficient basis for the WCAC's conclusion. While there is no evidence of any intention to mislead on the part of plaintiff's counsel, nonetheless he was required to file the transcript within 60 days of the filing of the appeal pursuant to MCL 418.861a(5), and he did not. That counsel viewed the transcript as irrelevant does not alter the fact that he failed to file it, and did so intentionally.

ZAHRA, J., joins the statement of MARKMAN, J.

MARILYN KELLY, J. (*dissenting*).

I respectfully dissent from the Court's order denying plaintiff's application for leave to appeal. Because I believe that the Workers' Compensation Appellate Commission (WCAC) abused its discretion in dismissing plaintiff's appeal, I would reverse its decision, reinstate the case, and remand it for further proceedings.

BACKGROUND

On October 24, 2006, plaintiff filed an application for a hearing for work-related injuries sustained during her employment with defendant, Sterling Performance, Inc. Trial was originally scheduled for May 7, 2008. On that date, the magistrate adjourned the proceedings so that the parties could discuss settlement. The transcript of this "trial" was only seven pages and consisted of nothing more than opening and closing the record and setting a new trial date for June 3, 2008.

On March 4, 2009, Magistrate Victor A. McCoy denied plaintiff's claim for benefits. Plaintiff appealed to the WCAC. Under MCL 418.861a(5), the transcript was due within 60 days of filing the appeal. Plaintiff timely filed the transcript of the June 3 hearing but not the transcript of the May 7 hearing.

On June 9, 2009, the WCAC issued its standard 14-Day Show Cause Order, indicating that "because plaintiff has failed to timely file a complete transcript for all proceedings or a timely request for an extension of time, the Commissioner believes that plaintiff is required to show cause why the claim for review should not be dismissed."

In response, on June 22, 2009, plaintiff's counsel submitted a brief which explained that the WCAC could process plaintiff's appeal without the May 7 transcript because the transcript contained no substantive information. The brief explained that defendants were not harmed by the omission of the May 7 transcript, there being no information in it that would affect defendants' position in the case. Counsel attached the May 7 transcript and an affidavit from plaintiff indicating that she had ordered, paid for, and received both transcripts.

In a split decision, the WCAC dismissed plaintiff's appeal. The majority criticized what it viewed as counsel's intentional withholding of the May 7 transcript. It advised: "Appellant is obligated to submit all transcripts on a timely basis, not just those that counsel deems 'relevant.'" Commissioner Ries dissented, indicating that "[d]ismissal is too harsh a remedy for appellant's transgression."

Plaintiff subsequently moved for reinstatement of her appeal, arguing that the failure to originally submit the May 7 transcript was an inadvertent error. Plaintiff's counsel indicated that "there was never any 'intentional withholding of any part of the transcript.'" Indeed, counsel attached an affidavit from his secretary stating that, when

she filed the appeal, "[she] did not realize that the 6 [sic] page item was part of the transcript."

In a second split decision, the WCAC denied plaintiff's motion for reconsideration. It was the majority's interpretation that plaintiff had changed her story. First, plaintiff had indicated that the transcript contained no relevant, substantive information. After dismissal of the claim, she maintained that the transcript had not been withheld intentionally, but because of a secretarial error. The majority concluded that plaintiff had not shown sufficient cause to grant her motion for reconsideration. Commissioner Ries again dissented, indicating that "[d]ismissal is too harsh a remedy for appellant's transgression."

Plaintiff sought leave to appeal in the Court of Appeals, which denied it on the ground that the appeal lacked merit.

ANALYSIS

MCL 418.861a sets forth the procedural requirements for appealing to the WCAC. MCL 418.861a(5) states in pertinent part:

> A party filing a claim for review . . . shall file a copy of the transcript of the hearing within 60 days of filing the claim for review . . . . For sufficient cause shown, the commission may grant further time in which to file a transcript.

The Court of Appeals held in *Pankey v Bigard/Drillers, Inc*, that "[t]he decision to grant a motion for delayed appeal upon a showing of sufficient cause is within the discretion of the WCAC."[1]

It elaborated on the sufficient cause standard:

> The "sufficient cause" standard . . . is less stringent than a good-cause standard. Sufficient cause is by its nature fact specific and must be determined case by case. Appropriate factors to consider include the length of the delay, the reason for the delay, and any resulting prejudice.[2]

In this case, plaintiff has established sufficient cause because (1) the delay in filing the May 7 transcript was short, (2) plaintiff had a good reason for causing the delay, and

---

[1] *Pankey v Bigard/Drillers, Inc*., 222 Mich App 15, 18-19 (1997).

[2] *Id.* at 18.

(3) the delay did not result in prejudice to defendants because the May 7 transcript contained nothing whatsoever of significance.

First, the delay in filing the May 7 transcript was short. Immediately upon receiving the WCAC's standard 14-day show cause order, plaintiff responded and supplied the WCAC with a copy of the transcript.

Second, plaintiff put forth not one, but two good reasons for the delay. Plaintiff initially argued that her claim should not be dismissed because that transcript contained no substantive information. Then, on motion for reconsideration, she argued that the failure to submit the transcript was an inadvertent error. Two members of the WCAC believed that plaintiff's counsel intentionally withheld the transcript. I conclude that there was no basis for that conclusion.

Plaintiff's two justifications for not filing the May 7 transcript initially are not inconsistent with each other. Informing the WCAC that the May 7 transcript contained no substantive information was not a concession that it had been intentionally withheld. Rather, plaintiff was attempting to show that the error was of no significance because it in no way affected defendants' ability to defend themselves. Plaintiff submitted the transcript, which leaves no doubt about the truth of that statement. In addition, at the show cause hearing, plaintiff's counsel submitted an affidavit from his secretary. She stated that counsel had instructed her to forward a complete copy of the transcript and that she thought that she did. She said that the omission was her mistake.

There was no evidence to rebut this sworn claim. No motive was advanced to explain why counsel's withholding of the transcript would have been intentional. Thus, the WCAC erred by concluding that the transcript was purposefully withheld.

Third, the delay in filing the transcript could not possibly have resulted in any prejudice because, as plaintiff contends, it contained nothing of substance. On May 7, the magistrate adjourned the trial date. The transcript of this "trial" contained nothing but the opening and closing of the record. No stipulations were recorded. No testimony was taken.

Moreover, defendants did not oppose plaintiff's request to reinstate her claim nor did they oppose plaintiff's application for leave to appeal in either the Court of Appeals or in this Court. Indeed, at oral argument on the application for leave to appeal, defense counsel conceded that defendants suffered no prejudice by plaintiff's initial failure to file the May 7 transcript.

Because plaintiff has established sufficient cause why her claim should not have been dismissed, the remaining question is whether the WCAC abused its discretion by

dismissing plaintiff's claim. I believe that it did. An abuse of discretion occurs when the decision is outside the range of principled outcomes.[3]

Because the temporarily omitted transcript contained no substantive information, the WCAC was not even momentarily denied any relevant information on which to base a decision on the claim. The omission was both inadvertent and inconsequential. Under these circumstances, I agree with dissenting Commissioner Ries that "[d]ismissal is too harsh a remedy for appellant's transgression."

I would hold that the WCAC abused its discretion. It is entitled and expected to enforce its rules but it should do so fairly. When no evidence exists to support a conclusion that counsel's mistake was intentional and when it caused no delay and no prejudice, the WCAC should not penalize counsel. It should not dismiss the plaintiff's claim.

Defendants argue that, in order to find that the WCAC abused its discretion in dismissing plaintiff's claim, this Court must overrule *Kurtz v Faygo Beverages, Inc*.[4] I disagree. The circumstances in *Kurtz* are distinguishable from the present circumstances.

In *Kurtz*, the plaintiff's claim was dismissed because he failed to timely file a copy of the trial transcript with the WCAC. He did not request an extension, and he first offered an explanation for the delay in his motion for reconsideration of the dismissal order. He explained that the tardy filing was beyond his control because the court reporter failed to prepare the transcript by the due date. Under these circumstances, this Court held that the court reporter's delay did not excuse the late filing because the plaintiff could have requested, but did not timely request a filing extension.

The holding in *Kurtz* rested on the vital fact that the plaintiff had advance notice that the transcript would be late yet he did nothing. In *Kurtz*, the plaintiff *knew* the transcript would be late, but he failed to request an extension. In this case, however, plaintiff thought she had timely filed the entire transcript. Thus, she did not have advance notice that the transcript would be late, and she had no reason to know that she would need an extension.

Since the Court's holding in *Kurtz* rested on facts distinguishable from this case, *Kurtz* need not be overruled in order for this Court to hold that the WCAC abused its discretion.

CONCLUSION

---

[3] *Woodard v Custer*, 476 Mich 545, 557 (2006).

[4] *Kurtz v Faygo Beverages, Inc*, 466 Mich 186 (2002).

Under the circumstances of this case, I would hold that the WCAC abused its discretion by dismissing plaintiff's claim for review. Hence, I would reverse the WCAC's decision and remand the case for further proceedings. I would instruct the WCAC to not assume that a party's counsel acted intentionally in disobeying its rules unless it has some basis for it. An inadvertent error that causes little delay and prejudices no one should not give rise to the dismissal of a worker's compensation appeal.

HATHAWAY, J., would reverse the Workers' Compensation Appellate Commission's dismissal of this case and remand the case for further proceedings.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 22, 2011

Clerk

t0419